# CECIL FRANK STALLARD v. STATE OF MARYLAND

[No. 192, September Term, 1968.]

*Decided April 23, 1969.*

*Charles W. Bell (John T. Bell* on the brief) for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, State's Attorney for Montgomery County,* and *Page J. Digman, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

In this appeal, it is contended that the trial judge abused his discretion (1) in denying the appellant's motion for a continuance; (2) in refusing to disqualify himself; and (3) in denying appellant's motion for a new trial.

The appellant was charged with storehouse breaking and allied counts in the Circuit Court for Montgomery County. Immediately after his case was called for trial, his attorney made an oral motion for a continuance on the grounds (1) that the assignment of cases is controlled by the State's Attorney (which ground he does not press in this Court); (2) that he learned just before trial that the appellant was a narcotics addict and that, accordingly, he needed additional time properly to prepare his defense.

In this Court it is argued that since the modern trend in legal thinking tends to view drug and alcoholic addiction as an illness, his attorney should have been afforded additional time to explore avenues of possible defenses which might have been available to the drug addicted appellant.

The granting of a continuance, as the appellant recognizes, is within the sound discretion of the court. *Johnson v. State,* 237 Md. 283, 288; *Walter v. State,* 4 Md. App. 373, 376. The exercise of that discretion will not be disturbed by this Court unless clearly abused. *Walter v. State, supra,* 377; *Bright v.*

*State,* 1 Md. App. 657, 662. While we recognize that the requested continuance may have been desired by the appellant, we are also aware that the orderly administration of the courts requires that cases be disposed of with reasonable dispatch. Here the appellant had been charged with the commission of a crime that occurred nearly a year prior to trial. He had been indicted for some seven months; he was represented by counsel for at least two months before trial; and he had already been granted one continuance. Under these circumstances we cannot say that the lower court clearly abused its discretion in denying the continuance.

After the jury had been sworn, but before any evidence had been presented, the appellant's trial counsel requested the trial judge (out of the presence of the jury) to disqualify himself because he had presided at a jury trial approximately one year before in which the appellant had been found guilty of a similar crime and that the same Assistant State's Attorney had prosecuted the case. It is argued that at the previous trial the appellant's prior criminal record and drug addiction were disclosed and that the record indicates that the trial judge had an accurate recollection of the trial. We are of the opinion that our holding in *Day v. State,* 2 Md. App. 334, is dispositive of the appellant's contention in this regard. There, we held that in the absence of a showing of bias or prejudice, a judge, on the retrial of a jury case, is not disqualified from trying the case merely because he presided at the original trial. Here the record is barren of any evidence indicating prejudice or bias on the part of the trial judge.

At the conclusion of the State's case, the appellant requested permission to withdraw his not guilty plea and enter a plea of guilty. After extensively interrogating the appellant, the trial judge was satisfied that the appellant understood the nature and consequences of changing his plea to guilty and permitted him to do so. The appellant was thereupon sentenced to a term of ten years.

A motion for new trial was then filed by the appellant and one of the grounds in support of the motion was the assertion that at the time of his trial he had received an injection of a narcotic which fact was unknown to his counsel or the trial

judge and that his reason for changing his plea "was the appellant's subjective desire for immediate hospitalization * * *." Ordinarily the denial or granting of a motion for new trial lies within the sound discretion of the trial judge and is not reviewable by this Court. *Adams v. State,* 4 Md. App. 135. Here, however, it is urged that there was an abuse of that discretion amounting to a denial of due process of law because the appellant's plea of guilty was not "freely entered" but "was a by-product of the appellant's narcotic addiction." The record, a small, but pertinent, portion of which is set forth below, does not support this contention:

"THE COURT: You are addicted to narcotics, are you not?

THE DEFENDANT: Yes, sir.

THE COURT: Which particular one?

THE DEFENDANT: Heroin.

THE COURT: Are you presently suffering from any discomfort by reason thereof?

THE DEFENDANT: Yes, sir.

THE COURT: Does the degree to which you presently feel uncomfortable in any way affect you at the present time?

THE DEFENDANT: I just—No, sir. I'm nauseated; yes, sir.

THE COURT: I beg your pardon?

THE DEFENDANT: I am nauseated.

THE COURT: You feel nauseated?

THE DEFENDANT: Yes, sir.

THE COURT: Do you feel anything else besides nausea?

THE DEFENDANT: No, sir; not yet.

THE COURT: Are you under any particular pain at the present moment?

THE DEFENDANT: No, sir.

THE COURT: So that anything you do now you do voluntarily; do you?

THE DEFENDANT: Yes, sir.

THE COURT: You are not under any influence

that prevents you from making your decisions at the moment?

THE DEFENDANT: Oh, no, sir.

THE COURT: Are you sure?

THE DEFENDANT: Oh, no. I know what I am doing.

THE COURT: What is that?

THE DEFENDANT: No, sir. I know what I'm doing."

\* \* \*

"THE COURT: Do you desire to change your plea to guilty to the first count freely and voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: Do you do so because you are guilty under Count 1?

THE DEFENDANT: Yes, sir."

It is clear from the foregoing that the appellant's plea of guilty was freely and knowingly entered. Accordingly, we find no reason to disturb the trial judge's denial of the motion for a new trial.

*Judgment affirmed.*