James F. SEXTON, Plaintiff-Appellant,

v.

David M. KENNEDY, Secretary of the Treasury, et al., Defendants-Appellees.

No. 74–2377.

United States Court of Appeals, Sixth Circuit.

April 15, 1975.

James F. Sexton, pro se.

Frederick M. Coleman, U. S. Atty., J. A. Cipollone, Gerald W. Boston, William S. Burton, Arter & Hadden, Cleveland, Ohio, James B. Weidner, Royall, Koegel & Wells, New York City, F. Rush McKnight, Calfee, Halter, Calfee, Griswold & Somme, Thomas E. O'Connor, Robert C. Maynard, Squire, Sanders & Dempsey, James E. Young, Jones, Day, Reavis & Pogue, Cleveland, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, and WEICK, EDWARDS, CELEBREZZE, PECK, McCREE, MILLER, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Appellant has filed a motion that his appeal be considered by judicial officers other than those in the Sixth Circuit and that his motion be considered in banc.

In support of his motion, which is filed in pro per, appellant asserts the following grounds for disqualifying all the judges of this court from hearing his appeal:

1) That this court decided against him in the case of *Sexton* v. *Barry,* 233 F.2d 220 (6th Cir. 1956), and that the Supreme Court disagreed with this decision in *Mitchum* v. *Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). The opinion in *Barry* was written by the late Circuit Judge Florence Allen for a panel composed of herself, the late Chief Judge Charles C. Simons and the late Circuit Judge Shackelford Miller, Jr.

2) That on a former appeal by appellant in a tax case, this court allowed him only fifteen minutes for oral argument. Because of the heavy increase in the volume of appeals, this court has found it necessary to allow oral argument of less than thirty minutes per side in a substantial number of cases. *See* Sixth Circuit Rule 7(e). When more than the allotted time for argument becomes neces-

sary in a particular case, the hearing panel may allow additional time. The allotment of time of which appellant complains was in no way discriminatory against him, but to the contrary was in accordance with the established practice of this court.

3) That in another former proceeding, this court denied an application by appellant for a writ of mandamus against a district judge.

The court concludes that the motion of appellant states no ground for disqualifying any judge of the Sixth Circuit Court of Appeals from hearing his appeal and that the motion is without merit. Accordingly, the motion is overruled. It is so ordered.