STATE of Iowa, Appellee,

v.

James Milton SMITH, Appellant
(two cases).

Nos. 62414, 62415.

Supreme Court of Iowa.

Aug. 29, 1979.

Michael J. Pitton, of Carlin & Darbyshire, P. C., Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Thomas McGrane and Lona J. Hansen, Asst. Attys. Gen., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

REYNOLDSON, Chief Justice.

Defendant James Milton Smith appeals from judgment on verdicts finding him guilty of burglary in the second degree in violation of section 713.3, Supplement to the Code 1977, and subject to sentencing as a habitual offender pursuant to section 902.8. We affirm.

January 20, 1978, defendant was arrested in Davenport for the offenses of first-degree burglary and carrying a concealed weapon. A two-count trial information was filed charging him with those crimes. It was later amended to add habitual offender allegations. Defendant appeared, pled not guilty, obtained appointed counsel, and subsequently waived his right to a speedy trial. Trial was scheduled for July 24.

July 20, State moved for permission to offer the testimony of the burglary victim Eunice Hein, whose name did not appear on the trial information or on the minutes of testimony. When hearing on this motion commenced, the State withdrew the motion and filed a motion to dismiss which alleged the inadvertent and unintentional failure to give timely notice of Hein's additional testimony and the State's intention to file a new information charging defendant with burglary in the second degree, based on the same testimony, and to charge defendant as a habitual offender. State further alleged "[t]he interest [sic] of justice demand that the defendant be given a full and fair opportunity to prepare for trial and furthermore, necessitate. the State being given the opportunity to fully and fairly present its case . . . ." Defendant resisted both motions. Trial court dismissed the first information and, with defendant's consent, arraigned him at once on the new trial information.

Before trial commenced on August 2, trial court overruled defendant's motions to dismiss and to exclude Hein's testimony. The court also overruled defendant's motion for a different trial judge based on prior encounters with defendant. Defendant's in-trial objection to Hein's testimony was overruled.

The jury could have found defendant and Raymond Ballou rode around Davenport in Ballou's car on the evening of January 20. Police had them under surveillance because of a burglary tip. Ballou parked in a residential area and defendant left on foot. Unseen, he broke into Hein's home and took some jewelry. Hein's testimony was limited to identifying the recovered jewelry and negativing consent to defendant's entry into her home.

Following defendant's conviction for second-degree burglary, the same jury was used for the habitual offender proceeding. Over defendant's objection that the State

must prove beyond a reasonable doubt the contemporaneous conviction of a class "C" or "D" felony, trial court simply instructed the jury that they had just convicted defendant of a class "C" felony.

The jury found defendant was a habitual offender. Trial court then sentenced him to a term of not more than fifteen years.

As grounds for reversal defendant contends trial court (1) erred in allowing Hein's testimony after the failure of the State to give ten-day notice, (2) erred in denying defendant's motion for a different trial judge, (3) erred in instructing the jury as a matter of law that defendant had just been convicted of second-degree burglary, a class "C" felony, and finally, (4) that he was deprived of effective assistance of counsel.

### I. *Allowing testimony without ten-day notice.*

The motion for leave to introduce Hein's testimony was filed July 20, 1978. It alleged the prosecuting attorney had just discovered her name and the minute of her testimony had been omitted from the trial information "and immediately after that discovery, an additional minutes [*sic*] of testimony was prepared and served upon counsel for the defendant." The attached clerk's proof of service shows a copy of the motion was mailed to defense counsel on the same day. A sheriff's return of service discloses the notice of additional testimony was served on defendant on July 20. At a subsequent court proceeding defendant's lawyer stated he had not received "actual" notice until July 24, although he indicated he had earlier knowledge of the effort to obtain Hein's testimony.

At the July 26 hearing on the additional testimony motion, the prosecuting attorney stated he could not "give the Court what I think it could accept as good cause or legiti-

mate reason for not having that witness on the minutes of testimony . . . . The reason that that witness was not there is because someone forgot to put it on there." He moved to withdraw the motion. He then presented a motion to dismiss the information filed and indicated he was ready to file the substituted charge. Trial court indicated that "since the county attorney does have available to it the ability to correct the matter, I'm going to grant the dismissal." Defense counsel objected, pointing out the purpose of Iowa R.Crim.P. 27(1) was not to allow the State to escape the ten-day notice requirement.

Defendant's lawyer agreed to immediate arraignment on the new trial information and stated he could be ready for trial by the following Wednesday, August 2, which, with allowance for a defense requested continuance, was within the 90-day speedy trial limit on the first information. Trial was rescheduled for that date. Before the trial commenced on August 2 district court considered a motion to dismiss filed by defendant and questioned whether defendant had been prejudiced in trial preparation. In response to the court's inquiry as to whether Hein's deposition had been taken, defense counsel stated, " We have had . . . a chance to speak with her informally, so there is no problem as far as preparing for trial within . . . the new charge."

Defendant preserved the error, if any, with respect to the Hein testimony by pre-trial and post-trial motions and by trial objections. He now asserts the dismissal provisions of Iowa R.Crim.P. 27(1) were abused and manipulated to circumvent defendant's right to the ten-day notice required by Iowa R.Crim.P. 18(2).

We have examined the new relevant Iowa rules 18(2) and (3).[1] For the purposes

---

1. Rule 18(2):
   *Advance notice of evidence supporting indictments or informations.* The prosecuting attorney, in offering trial evidence in support of an indictment, shall not be permitted to introduce any witness the minutes of whose *testimony was not presented with the indictment to the court; in the case of informa-* tions, a witness may testify in support thereof if the witness' identity and a minute of the witness' evidence has been given pursuant to these rules. However, these provisions are subject to the following exception: Additional witnesses in support of the indictment or *trial information may be presented by the* prosecuting attorney if he or she has given

of this appeal they are the equivalent of sections 780.10 through 780.13, The Code 1977, except defendant ordinarily is now entitled to a ten-day rather than a four-day notice of additional testimony. Our decisions under the former statutes therefore will apply in resolving the issue confronted here.

Because rule 18(2) requires notice of additional testimony to be served on counsel if defendant has one it is clear defendant's lawyer did not have ten-day notice of Hein's testimony.

Had the State not withdrawn the motion for leave to present additional testimony and had it been favorably ruled on, error could not have resulted unless defendant was denied a continuance. *State v. King,* 256 N.W.2d 1, 9 (Iowa 1977); *State v. Sevcik,* 239 N.W.2d 571, 572 (Iowa 1976). It appears to us there is no significant difference between the court's rule 27(1) dismissal and the subsequent refiling in this instance, and sustaining a rule 18(3) motion for leave to introduce testimony without the requisite ten-day notice. In the latter event rule 18(3) gives defendant only two alternatives: a continuance, or proceeding to trial with examination of the new witness being "strictly confined to the matters set out in [the] motion."

Here defense counsel made no motion for continuance. When the court first set trial for July 31, two days before it actually commenced, defense counsel said, "Well, that's fine . . . ."

This court has a long history of not reversing on the ground of technical defects

the defendant's attorney of record, or the defendant if he or she has no attorney, a minute of such witness' testimony, at least ten days before the commencement of the trial. [This rule has been further amended, effective July 1, 1979.]
Rule 18(3):
*Failure to give notice.* Whenever the prosecuting attorney desires to call witnesses to support the indictment, of which he or she shall not have given ten days' notice because of insufficient time therefor since the prosecutor learned said testimony could be obtained, the prosecutor may move the court for leave to introduce such testimony, giving the same particulars as in the former case, and

in procedure unless it appears in some way they have prejudiced the complaining party or deprived him or her of full opportunity to make defense to the charge presented in the indictment or information. *State v. Rank,* 214 N.W.2d 136, 138 (Iowa 1974); *State v. Conley,* 176 N.W.2d 213, 215 (Iowa 1970); *State v. Jensen,* 245 Iowa 1363, 1369, 66 N.W.2d 480, 483 (1954); *State v. Heft,* 155 Iowa 21, 26–27, 134 N.W. 950, 953 (1912). This includes defects relating to minutes of testimony. *State v. Walker,* 281 N.W.2d 612 (Iowa 1979); *State v. Johnson,* 259 Iowa 599, 604, 145 N.W.2d 8, 11 (1966); *State v. Burk,* 88 Iowa 661, 665–67, 56 N.W. 180, 181–82 (1893); *State v. Guisenhause,* 20 Iowa 227, 230 (1866).

The record in this case plainly shows defendant was not surprised by the Hein testimony. The new information charged him with a lesser offense. He had adequate time to prepare his defense. He did not ask for a continuance and trial date was fixed to his satisfaction. In this instance we find admission of the Hein testimony to be harmless if it was an error on trial court's part. *See State v. Trudo,* 253 N.W.2d 101, 107 (Iowa), *cert. denied,* 434 U.S. 903, 98 S.Ct. 299, 54 L.Ed.2d 189 (1977); *State v. Shea,* 218 N.W.2d 610, 615 (Iowa 1974).

In so finding, we do not condone the inattention of the prosecuting attorney, nor do we place a stamp of approval on the device used here to bypass the necessity of the motion for leave to submit additional testimony. Of course, we consider it important that a different offense was charged in the new trial information and the weapon count was dropped.

showing diligence, supported by affidavit or other evidence. Except where the testimony goes to merely formal matters, if the court sustains said motion, the defendant shall elect whether said cause shall be continued on his [or her] motion, or the witness shall then testify. If said defendant shall not elect to have said cause continued, the prosecuting attorney may examine said witness in the same manner and with the same effect as though ten days' notice had been given defendant or the defendant's attorney as hereinbefore provided, except the prosecuting attorney, in the examination of witnesses, shall be strictly confined to the matters set out in his or her motion.

## II. *Overruling motion for a different trial judge.*

■ Defendant contends trial court abused its discretion in not recusing himself because of their prior courtroom encounters. He does not make a satisfactory record disclosing details of these encounters or their number. Apparently defendant jumped bail and failed to appear on a charge before this judge, who then issued a warrant for his arrest. Defendant surrendered two and one-half years later in California. Either on that offense or on an unrelated charge, trial court apparently declined to approve a plea bargain because he felt defendant deserved a stiffer sentence.

Iowa R.Crim.P. 10(9)(c) expressly authorizes a pretrial motion for "change of judge." Former section 778.2, The Code 1977, authorized a venue change if the judge's prejudice prevented a fair and impartial trial.

In *State v. Smith*, 242 N.W.2d 320, 323–24 (Iowa 1976), we adopted canon 3(C)(1) of the Iowa Code of Judicial Conduct as a general guideline for trial courts and an objective standard for review in these situations. The relevant portion of canon 3(C)(1) provides:

A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party . . . .

We there observed, "[O]nly personal bias or prejudice, as distinguished from judicial predilection, constitutes a disqualifying factor." 242 N.W.2d at 324. Defendant has the burden of establishing prejudice with allegations of fact. *Id.* Trial court's decision will not be overturned unless there has been an abuse of discretion. *Id.; State v. Gartin*, 271 N.W.2d 902, 913 (Iowa 1978).

Defendant relies on past *judicial* encounters with trial court. To whatever extent these experiences educated trial court on defendant's character, it provides no basis for prejudice requiring a different judge. "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778, 793 (1966). *See also Smith*, 242 N.W.2d at 324. *Accord, Sexton v. Kennedy*, 519 F.2d 797 (6th Cir. 1975) (prior decision against litigant and limitation of oral argument time in prior appeal); *Berry v. Sigler*, 373 F.2d 835, 836 (8th Cir. 1967) (familiarity with litigant's prior legal difficulties and previous contempt citation); *Hodgdon v. United States*, 365 F.2d 679, 686 (8th Cir. 1966) (litigant's previous attempts to initiate proceedings against trial court); *Cox v. United States*, 309 F.2d 614, 619–20 (8th Cir. 1962) (trial court remembered sentencing defendant in a criminal case many years previously); *State v. Schafer*, 5 Conn.Cir.Ct. 669, 673–74, 260 A.2d 623, 626–27, *appeal denied*, 158 Conn. 644, 257 A.2d 46 (1969) (trial court's participation fifteen years earlier in adverse ruling on defendant's parole request); *State v. Kimmel*, 202 Kan. 303, 305, 448 P.2d 19, 22 (1968) (knowledge of accused's past record); *Stallard v. State*, 6 Md.App. 560, 562, 252 A.2d 267, 269 (1969) (trial court presided over previous trial of defendant and recalled prior record); *Milburn v. State*, 50 Wis.2d 53, 61, 183 N.W.2d 70, 74 (1971) (knowledge of defendant's criminal record); Annot., 21 A.L.R.3d 1369 (1968).

Many of these cases hold that trial court's rulings in the course of trial create no grounds for recusation. We find no abuse of discretion in trial court's refusal to recuse himself.

## III. *Instruction on habitual offender.*

■ Defendant argues trial court erred in instructing the jury in the habitual offender proceeding that defendant had just been convicted of a class "C" felony.

Section 902.8, Supplement to the Code 1977, defines habitual offender as "any person convicted of a class 'C' or a class 'D' felony, who has twice before been convicted of any felony in a court of this or any other

state, or of the United States." Defendant contends the contemporaneous felony conviction is an essential element of the issue before the jury which the State must prove beyond a reasonable doubt. He argues whether he has just been convicted of a class "C" or "D" felony is a jury question.

We do not agree. Iowa R.Crim.P. 18(9) is dispositive:

> After conviction of the primary or current offense, but prior to pronouncement of sentence, if the indictment or information alleges one or more *prior* convictions which by the Code subjects the offender to an increased sentence, the offender shall have the opportunity in open court to affirm or deny that he or she is identical with the person previously convicted, or that he or she was not represented by counsel and did not waive counsel. If the offender denies he or she is the person *previously* convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person *previously* convicted. *Other objections shall be heard and determined by the court,* and these other objections shall be asserted prior to trial of the substantive offense in the manner presented in rule 10 [of the rules of criminal procedure]. On the issue of identity, the court may in its discretion reconvene the jury which heard the current offense or dismiss that jury and submit the issue to another jury to be later impaneled. If the offender is found by the jury to be the person previously convicted, or if the offender acknowledged that he or she is such person, the offender shall be sentenced as prescribed in the Code.

(Emphasis added.)

The habitual offender statute does not create a crime, it merely enhances punishment. *State v. Hanna,* 277 N.W.2d 605, 608 (Iowa 1979). If a defendant claims it is inapplicable, the sole "issue" submitted to a jury is defendant's identity as a person twice previously convicted of a felony. "Other objections," such as whether a triggering class "C" or "D" felony is involved in

the first instance, "shall be heard and determined by the court." *See* Uniform Jury Instruction 2901.

The authorities defendant relies on do not hold the State must prove the triggering conviction. Defendant has demonstrated no error in the procedure by which he was found to be a habitual offender.

## IV. *Effective assistance of counsel.*

Defendant contends his trial counsel provided ineffective assistance because he failed to move to suppress or otherwise object to evidence (jewelry) obtained in an alleged search of Ballou's vehicle.

Police stopped Ballou's car on a traffic charge some time after it left the burglary location. The police had not witnessed the burglary and had no hard evidence one had occurred. They had no search or arrest warrant. It is also clear, however, that the police strongly suspected Smith had perpetrated a burglary: They had a tip, Ballou's reputation as a fence, circuitous driving, Smith on foot at night in a residential neighborhood, and a jewelry box discarded by Smith when he returned to the vehicle. Smith and the occupants got out of the car at the officers' request. At that point the jewelry was in plain sight on the front seat. It was temporarily seized and inventoried, but then returned. Smith was arrested for carrying a concealed weapon. Ballou and another occupant were allowed to leave.

Our examination of this record does not clearly disclose a fourth amendment intrusion of questionable legality. A good argument for probable cause and exigent circumstances can be advanced. Despite a traffic violation pretext, this was not a random license or registration check. *See Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Counsel may have had good reason for not attempting to suppress this evidence.

This type of ineffective assistance issue ordinarily requires an evidentiary, adversary hearing. As in *State v. O'Connell,* 275 N.W.2d 197, 205–06 (Iowa 1979), and cases there cited, the question of trial counsel's competency is more properly presented on

postconviction relief. We determine we should affirm the judgment but without adjudicating the issue of defense counsel's competency. Defendant's right to raise that question by postconviction proceedings is reserved.

AFFIRMED.