STATE of Iowa, Appellee,

v.

Vincent Leroy SPOONMORE, Appellant.

No. 66462.

Supreme Court of Iowa.

Aug. 25, 1982.

Douglas F. Staskal, Asst. Atty. Gen., for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and UH-LENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

LeGRAND, Justice.

Defendant was convicted of attempting to smuggle marijuana into the Muscatine County Jail in violation of section 719.8, The Code 1979 (furnishing controlled substances to inmates). The information charging him with this crime also asked that he be sentenced as an habitual offender under section 902.9, The Code, because he had previously been convicted of two other felonies, one in Iowa and one in Tennessee. By separate hearing, the same jury which had found defendant guilty of the marijuana charge found him to be the person who had committed the previous felonies. He was accordingly sentenced to serve a term of not more than fifteen years pursuant to section 902.9, The Code 1979.

Defendant appeals on the sole ground that the sentence imposed under section 902.9, The Code, is void because the record does not show that the crime for which he was convicted in Tennessee is a felony. As part of his argument defendant urges error because the trial court permitted the jury to determine if the prior convictions were felonies, a matter which should be determined by the court.

Defendant is right in claiming he can be sentenced as an habitual offender only if it is first established that he has previously been convicted of two other felonies. An habitual offender is defined as:

[A]ny person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this state or any other state, or the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of his or her conviction.

§ 902.8, The Code.

The habitual offender statute does not create a crime; it merely enhances punishment. *State v. Smith*, 282 N.W.2d 138, 143 (Iowa 1979) (citing *State v. Hanna*, 277 N.W.2d 605, 608 (Iowa 1979)).

We believe this matter is disposed of by defendant's failure to make timely objection before trial of the underlying offense with which he was then charged—violation of section 719.8, The Code. *State v. Smith*, 282 N.W.2d at 143; Iowa R.Cr.P. 18(11).

*Smith* holds that a defendant who asserts the habitual offender statute is not applicable must interpose his objections prior to the trial of the underlying charge. If he does not do so, the objections are waived. 282 N.W.2d at 143.

Defendant failed to challenge the applicability of section 902.8, The Code, as dictated by *Smith* and by Iowa R.Cr.P. 18(11). We therefore deem the issue now raised to have been waived.

Defendant also objects because the trial court permitted the jury to decide if the prior offenses were felonies. We agree this was error. The court must make that determination. Iowa R.Cr.P. 18(11). In this case, however, there was no resulting harm because of defendant's failure to raise timely objection to the prior convictions.

The judgment is affirmed.

AFFIRMED.