# IN THE COURT OF APPEALS OF IOWA

No. 16-0265
Filed July 19, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL CARL BAUER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.

Michael Bauer appeals his conviction for willful injury resulting in bodily injury. **AFFIRMED.**

R.A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Michael Bauer appeals his conviction for willful injury resulting in bodily injury, contending the prosecutor's conduct during cross-examination and closing argument violated his rights under the Iowa Constitution and denied him a fair trial. Bauer also claims the district court's conduct denied him a fair trial. We affirm.

## I.    *Background Facts and Proceedings*

The State filed an amended trial information charging Bauer with willful injury as a habitual offender, in violation of Iowa Code sections 708.4(1) and 902.8 (2015), following allegations that he attacked Jerald Stewart in a bar restroom after accusing Stewart of having sexual relations with Rhiannon King, a woman Bauer had recently given $2000 and purchased a car for and who had accompanied Stewart to the bar that evening.

The case proceeded to a jury trial. The State presented testimony from Dr. Javaid Abbasi (who treated Stewart's "serious injuries to his face and head" in the emergency room at Iowa Methodist), Jason Ehlers (the Des Moines police officer who responded to the incident), King, and Stewart. Bauer elected to testify in his defense. Bauer and Stewart gave conflicting accounts of what happened prior to and during the altercation. Specifically, both Bauer and Stewart testified the other made derogatory statements and was the first to strike. There were no other witnesses; Bauer "got off" Stewart when a third party entered the bathroom.

The jury convicted Bauer of the lesser-included offense of willful injury causing bodily injury. Bauer filed a motion for new trial, a motion in arrest of

judgment, and a renewal of his motion for judgment of acquittal. Following a hearing, the district court entered a ruling denying Bauer's motions. The district court entered judgment and sentence. Bauer appeals. Facts specific to his claims on appeal will be set forth below.

## II.   *Standards of Review*

We review a district court's denial of a motion for new trial based on claims of prosecutorial misconduct for abuse of discretion. *See State v. Greene*, 592 N.W.2d 24, 30-31 (Iowa 1999). We review questions of the admissibility of evidence for abuse of discretion. *See State v. Wilson*, 878 N.W.2d 203, 210 (Iowa 2016). We also review a district court's denial of a motion for new trial on the basis of judicial impartiality for abuse of discretion. *See State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005). We review challenges raising an alleged violation of constitutional rights de novo. *See State v. Cronkhite*, 613 N.W.2d 664, 666 (Iowa 2000).

## III.   *Prosecutorial Misconduct*[1]

Bauer claims the prosecutor's conduct during cross-examination and closing argument violated his rights under the Iowa Constitution and denied him

---

[1] We acknowledge the distinction between prosecutorial misconduct and prosecutorial error set forth by the court in *State v. Schlitter*, 881 N.W.2d 380, 393-94 (Iowa 2016). We disagree with the State, however, that the claim raised by Bauer on appeal is one of prosecutorial error. *See Schlitter*, 881 N.W.2d at 394 ("Prosecutorial misconduct includes those statements 'where a prosecutor intentionally violates a clear and unambiguous obligation or standard imposed by law, applicable rule or professional conduct,' as well as 'those situations where a prosecutor recklessly disregards a duty to comply with an obligation or standard.' Prosecutorial error occurs 'where the prosecutor exercises poor judgment' and 'where the attorney has made a mistake' based on 'excusable human error, despite the attorney's use of reasonable care.'" (quoting Shawn E. Minihan, *Measuring Prosecutorial Actions: An Analysis of Misconduct versus Error*, Prosecutor, Dec. 2014, at 24-25)).

a fair trial.[2]  *See* Iowa Const. art. I, §§ 9 ("The right of trial by jury shall remain inviolate; . . . no person shall be deprived of life, liberty, or property, without due process of law."); 10 ("In all criminal prosecutions, . . . the accused shall have a right to a speedy and public trial by an impartial jury; . . . to be confronted with the witnesses against him; to have compulsory process for his witnesses; and, to have the assistance of counsel.").

On cross-examination, the prosecutor asked Bauer if having access to particular documents or evidence in the case gave Bauer the opportunity to tailor his testimony to the other evidence.  The following colloquy is relevant to Bauer's contention:

> STATE: Q. Now, before you testified today you've had, through your attorney, in your possession or your attorney's possession all the evidence the State has against you.  Would you agree?
> DEFENSE COUNSEL: Objection, Your Honor.  One, that invades the attorney/client privilege.  Two, it requires him to make a legal determination that he would not be aware of.  And, three, it is argumentative.
> COURT: Well, I think it does invade the attorney/client privilege, Mr. Salami.
> STATE: I'll rephrase it.
> Q. You've had an opportunity to review the evidence we had—that the State has, correct, before you testified today?
> DEFENSE COUNSEL: Isn't that the same question, Your Honor?
> COURT: Well, it's not.  No, it isn't.

---

[2] The State claims Bauer's objections were insufficient to preserve error on the claims he now makes on appeal.  *See, e.g.*, *State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011) ("We do not believe . . . Krogmann has preserved a claim of prosecutorial misconduct. He objected only that the question was argumentative; the district court sustained the objection and the question was withdrawn; Krogmann then asked for no further relief such as a mistrial.  Krogmann cannot obtain a new trial based on prosecutorial misconduct when he failed to move for a mistrial at the time.").  We acknowledge the district court ruled on at least part of Bauer's claim in denying his posttrial motions.  We elect to bypass the error-preservation concern.  *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing an error-preservation problem and proceeding to the merits of the appeal).

DEFENSE COUNSEL: I would object to the form.

COURT: On what basis?

DEFENSE COUNSEL: Not specific enough. And it asks to assume something that there would be no evidence as to how much he's reviewed or not reviewed.

COURT: I think it would be better if you asked him about specific things he's seen.

STATE: Thank you. Thank you.

Q. Have you seen the police report in this case? A. No.

Q. You haven't seen the police report in this case? A. No.

Q. Have you seen the Minutes of Testimony in this case?

DEFENSE COUNSEL: Objection, Your Honor. The charging documents are specifically not evidence. He is not permitted to inquire about them.

COURT: Well, the question is, has he seen them. You can answer that "yes" or "no." A. No.

STATE: Q. So you've seen nothing about the paperwork in this case; is that your testimony to this jury? A. Yes.

Q. Fair enough. You've been present, though, since Monday; correct? A. Yes.

Q. And before you testified, you've heard what Ms. King had to say; correct? A. Yes.

Q. You've heard what the officer who investigated the case had to say; correct? A. Yes.

Q. You've heard what the victim in this case had to say; correct? A. Yes.

Q. All while you were seated there; correct? A. Yes.

Q. All before you took the stand today; correct? A. Yes.

Q. So you—that's an advantage; would you agree?

DEFENSE COUNSEL: Objection, Your Honor. No relevance whatsoever and is argumentative per se.

COURT: You can testify if you know, sir.

DEFENDANT: Excuse me?

COURT: You can testify if you know or if you have an opinion. Would you like to have the question read back?

DEFENDANT: Yes, please.

(Requested portion of the record was read by the court reporter.) A. No. Because I've stuck with the truth.

Later, in closing argument, the prosecutor stated:

Mr. Stewart went to the bathroom. Now, that appears to be coincidental. The video shows it. I don't need a diagram. The video shows it. Mr. Stewart's coming out. Defendant passes him. One of two things happen. At best, Mr. Stewart said something. Mr. Stewart said, "At the very most I may have said hi, that man thing when you're going to a bathroom, you see another person,

> you kind of acknowledge, 'Hey, hey, it's all good in there.' I'm going in. You're coming out." He said at best that's what he said.
> *Now, the defendant, knowing all the evidence we have against him now, tells you he said—he called him the bad word, the insulting word. You know that. You get to judge the credibility of who you believe.*

(Emphasis added.)

Bauer contends "the prosecutor engaged in both improper, generic cross-examination, and improper, generic argument, to imply tailoring of [his] testimony." According to Bauer, the prosecutor's conduct was "intrinsically unfair and contrary to proper trial practice because [it] tend[ed] to mislead the jury into deciding credibility, not upon evidence in the record, but upon [his] mere presence at trial, which is mandatory, and the order of proof, over which [he] has no control."

The district court rejected Bauer's claim, distinguishing it from *State v. Graves*, in which the Iowa Supreme Court observed prosecutorial tactics of "asking the defendant whether another witness is lying" and "[u]nfairly questioning the defendant simply to make the defendant look bad in front of the jury" were improper, diverted the jury's proper focus, and distorted the State's burden of proof. 668 N.W.2d 860, 873 (Iowa 2003) ("[W]e hold 'were-they-lying' questions are improper under any circumstance."); *see also Bowman v. State*, 710 N.W.2d 200, 206-07 (Iowa 2006) (holding the "prosecutor initiated an all-out, name-calling attack on [the defendant's] credibility using an impermissible line of questioning at least eight different times during his cross-examination" and six additional improper comments in closing, which impermissibly shifted the case

from "the real issue—what really happened based on the admissible evidence").

The district court found:

> Perhaps more than in most cases, this case required a credibility determination by the jury based upon two entirely different versions of events set forth by the State's witnesses on the one hand and the defendant on the other hand. The questions asked by the State of defendant on cross-examination were intended to demonstrate to the jury that defendant had the opportunity to hear and know what the testimony of the State's witnesses was and would be prior to having to take the stand himself. Neither *Graves* nor any other case of which the Court is aware has suggested that the State is prohibited from challenging a defendant's credibility on cross-examination. The assistant county attorney here never used the "L" word by asking defendant whether he was lying, asking whether the State's witnesses were lying, or stating in closing that anyone was or was not lying. The State is most certainly permitted to challenge the credibility of the defendant and his witnesses, and that is what was done here.

We agree the prosecutor's questioning of Bauer about his having been present throughout the trial before having to testify was permissible cross-examination. *See Portuando v. Agard*, 529 U.S. 61, 70 (2000) ("Once a defendant takes the stand, he is 'subject to cross-examination impeaching his credibility just like any other witness.'" (citation omitted)); *id.* at 78 (Ginsburg, J., dissenting) (agreeing with the lower court's ruling, under which "on cross-examination, a prosecutor would be free to challenge a defendant's overall credibility by pointing out that the defendant had the opportunity to tailor his testimony in general, even if the prosecutor could point to no facts suggesting that the defendant had actually engaged in tailoring"); *Rosales-Martinez v. State*, No. 10-2078, 2011 WL 6740152, at *8 (Iowa Ct. App. Dec. 21, 2011); *see also State v. Parker*, 747 N.W.2d 196, 205 (Iowa 2008) (recognizing "defendants in criminal cases who take the stand and testify in their defense place their

credibility in issue and are typically subject to cross-examination the same as any other witness").

We further conclude the prosecutor's statement directing the jury to "judge the credibility of who you believe" during closing argument was permissible. As noted above, a defendant who takes the stand places his credibility at issue. *See Parker*, 747 N.W.2d at 205. Moreover, Bauer had an opportunity to respond to the prosecutor's comment in his closing argument. In *Portuondo*, the prosecutor argued during summation:

> You know, ladies and gentlemen, unlike all the other witnesses in this case the defendant has a benefit . . . he gets to sit here and listen to the testimony of all the other witnesses before he testifies. . . . That gives you a big advantage, doesn't it[?] You get to sit here and think what am I going to say and how am I going to say it? How am I going to fit it into the evidence? . . . He used everything to his advantage.

529 U.S. at 64. The Court concluded, "Allowing comment upon the fact that a defendant's presence in the courtroom provides him a unique opportunity to tailor his testimony is appropriate—and indeed, given the inability to sequester the defendant, sometimes essential—to the central function of the trial, which is to discover the truth." *Id.* at 73.

Bauer acknowledges the Court's ruling in *Portuondo*, but he asks us to extend the protections of the Iowa Constitution to shield a testifying defendant from a prosecutor's challenge to his credibility. But we see no reason to deviate from the persuasive reasoning and holding of the Court in *Portuondo* on this issue, which is in accord with Iowa law and has been previously relied on by this court in *Rosales-Martinez*. In sum, we find no violation of Bauer's constitutional

right to a fair trial and no abuse of discretion by the district court in denying Bauer's claim of prosecutorial misconduct. We affirm on this issue.[3]

## IV. Questions regarding "Inadmissible Documents"

Bauer challenges the prosecutor's questions during cross-examination as to whether he had "seen" "the police report," "the minutes of testimony," or "the paperwork in this case." Bauer answered "No" to the questions. Bauer claims the prosecutor's questions denied him a fair trial because the charging documents were not admissible evidence.

As the State points out, "[T]he purpose of the prosecutor's questions was not whether the content of these documents accurately described the facts of the night in question" but rather "whether Bauer had seen them and tailored his version of the fight accordingly." This was a permissible impeachment tactic to challenge Bauer's credibility. *See* Iowa R. Evid. 5.611(b) (providing that questions challenging a witness's credibility are permissible on cross-examination); *see also Rosales-Martinez*, 2011 WL 6740152, at *9. In any event, we further conclude any potential prejudice from the prosecutor's reference to the challenged documents was mitigated by the court's instructions to the jury with regard to the evidence the jury should consider in reaching its verdict.[4] We affirm on this issue.

---

[3] We further observe that considering the facts presented here, Bauer's distinction between generic and specific tailoring is inapplicable and unpersuasive.

[4] For example, the jury was instructed the trial information was "not evidence," the jury should base its verdict "only upon the evidence," and that

> [s]ometimes, during a trial, references are made to pre-trial statements and reports, witnesses' depositions, or other miscellaneous items. Only those things formally offered and received by the court are available to you during your deliberations. Documents or items read from or referred

## V.    *Judicial Comment and Intervention*

Bauer contends "the judge impermissibly commented directly upon [his] credibility . . . in front of the jury" by asking Bauer, "Can you answer any better than you have?"  When the court's question is placed in context, however, it is clear Bauer cannot sustain his burden to prove the court acted with "personal bias or prejudice." *See State v. Smith*, 282 N.W.2d 138, 142 (Iowa 1979) ("[O]nly personal bias or prejudice, as distinguished from judicial predilection, constitutes a disqualifying factor." (alteration in original) (citation omitted)).  The following colloquy is relevant to this issue:

> STATE: Q. 6000-plus dollars [for the car].  That's a check you wrote for her; correct?  A. The actual amount was $6085, and that was tax, title, and license.
> Q. My question to you, though, is $6000, that's a lot of money; is that correct?
> DEFENSE COUNSEL: Objection, Your Honor.  One, no issue has been raised in my direct testimony about the amount. Two, what is the relevance?
> COURT: Overruled.
> Q. 6000-plus dollars is a lot of money; correct?  A. I would think that would depend upon who you are.
> Q. $6000 is a lot of money?  Yes or no.
> DEFENSE COUNSEL: Asked and answered.
> COURT: Sir, can you answer any better than you have?
> BAUER: Excuse me?
> COURT: Can you answer any better than you have?
> A. I don't think it's a lot of money, no.

In ruling on Bauer's challenge that the court improperly commented on Bauer's "credibility and forthrightness," the court stated:

> The court has reviewed the transcript of testimony of defendant and can find the following instance where it stated: "Sir, can you answer any better than you have?" . . .  As may be seen above [given the context of the question], the defendant's answer to the question

---

to, which were not offered and received into evidence, are not available to you.

was ambiguous. If the defendant had answered the court's inquiry that he had answered the question to the best of his ability, the objection would have been sustained. As it turned out, the defendant simply clarified his answer.

The court further noted:

> The first inkling that the court had that defendant had any concerns about the colloquy quoted above was in the footnote appearing on page 2 of his reply brief filed in conjunction with the motion for new trial.[5] Had defendant raised this issue with the Court at the time, or even prior to jury instructions being given to the jury, any possible prejudice to defendant could have been easily remedied. In any event, the jurors were given a uniform instruction to the effect that nothing done or said by the Court during the case was intended to convey any opinion as to the merits of the case. To say the least, the Court is troubled by defendant raising the issue at this late date, and further troubled that the colloquy was either intended or perceived by anyone as a comment on defendant's credibility.

We see nothing here rising to the level of judicial misconduct, and we discern no abuse of discretion in the court's ruling denying Bauer's claim. *See State v. Gentile*, 515 N.W.2d 16, 17-18 (Iowa 1994) (rejecting claim of judicial misconduct based on court's comment during witness testimony); *Smith*, 282 N.W.2d at 142 ("Trial court's decision will not be overturned unless there has been an abuse of discretion.").

## VI. Conclusion

Upon consideration of the issues raised on appeal, we affirm Bauer's conviction for willful injury resulting in bodily injury.

**AFFIRMED.**

---

[5] The State claims Bauer failed to preserve error on this claim; the district court acknowledged Bauer first raised his challenge in his motion-for-new-trial reply brief. We elect to address the merits of the claim. *See Taylor*, 596 N.W.2d at 56.