# IN THE COURT OF APPEALS OF IOWA

No. 19-0726
Filed April 29, 2020

**PETER KELLY LONG,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Kurt L. Wilke, Judge.

Peter Long appeals from the dismissal of his third application for postconviction relief. **AFFIRMED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

This appeal arises from a third postconviction relief (PCR) application following a conviction for a class "A" felony. We agree with the district court's determination that this third application for PCR was untimely, and we reject the argument that the judge presiding over Long's third PCR action was required to recuse himself. We therefore affirm.

## I.    Factual, Legal, and Procedural Background

In 1996, Peter Long was convicted of two counts of lascivious acts with a child. He pleaded guilty to the counts, and Judge Kurt L. Wilke presided at the plea-taking. In 2011,[1] Long was convicted of third-degree sexual abuse. Because of his prior offenses, an enhanced penalty pursuant to Iowa Code section 902.14 (2011) was sought by the State. Judge Wilke presided over the trial. On the advice of counsel, Long waived his right to a jury trial for purposes of the enhancement stage of the trial, and those claims were presented to the bench, with Judge Wilke presiding. Judge Wilke found the enhancement warranted under Iowa Code section 902.14 and enhanced Long's conviction for third-degree sexual abuse to a class "A" felony. Long appealed, and our supreme court affirmed the sentence and conviction. *State v. Long*, 814 N.W.2d 572, 584 (Iowa 2012). Procedendo issued on July 13, 2012.

Long then filed an application for PCR on October 25, 2012, later amending this application in March 2013. The amended application raised the claim that

---

[1] The 2011 conviction was the result of Long's criminal conduct in February 2010 and the resulting trial information, which was filed on July 15, 2010. Because one of Long's arguments requires that we repeatedly refer to these proceedings, we will, for the sake of simplicity, refer to the trial phase as the "2011 proceedings."

Judge Wilke should have recused himself, citing the fact that Judge Wilke presided over both the Applicant's 1996 guilty plea and the enhancement phase of the 2011 proceedings.

Long also filed a supplement to the amended application in February 2015. Long's first PCR application was dismissed by the district court on June 30, 2015, which noted that for "personal bias or prejudice, or personal knowledge to be disqualifying, it must stem from an extrajudicial source." The district court rejected Long's claim that Judge Wilke should have recused himself and dismissed the application for PCR.

Long appealed. On appeal from the dismissal of this first PCR application, Long again raised the recusal argument in a pro se brief filed in late July 2016, while the appeal from his first PCR proceeding was pending. In that brief, Long alleged that Judge Wilke had "personal knowledge of the elements of the enhancement, the identification and first hand case knowledge of the 1996 plea and sentencing." This argument was not specifically addressed during Long's appeal from the denial of his first application for PCR. *Long v. State*, No.15-1231, 2017 WL 514400 (Iowa Ct. App. Feb. 8, 2017). We affirmed the dismissal of the first PCR application. *Id.* at *6. Procedendo issued on March 29, 2017.

On April 26, 2017, Long filed a second PCR application, which was dismissed on June 26, 2017. In a pro se resistance to the motion to dismiss, Long raised the argument that Judge Wilke should have recused himself from the 2011 proceedings because he presided over Long's 1996 plea hearings. In an order granting the motion to dismiss the second PCR application, the district court acknowledged and rejected Long's claim that Judge Wilke should have recused

himself, describing that claim as already having "been raised and rejected." In finding Long's claims barred by the three-year limitation period set forth in Iowa Code section 822.3, the court cited the rule of *Dible v. State*, which held that ineffectiveness of appellate or postconviction counsel is not a "ground of fact" within the meaning of section 822.3's exception to the three-year limitations period for PCR applications. 557 N.W.2d 881, 883–84 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 520–21 (Iowa 2003).

In July 2017, Long appealed the denial of his second PCR application, and neither his counsel's brief nor the pro se brief he filed mentioned the recusal argument. While the appeal was pending, the Iowa Supreme Court decided *Allison v. State*, 914 N.W.2d 866, 890 (Iowa 2018), which qualified *Dible* with a narrow exception to section 822.3's limitation period for claims of ineffective assistance of postconviction counsel. Following the June 29, 2018, publication of *Allison*, this court affirmed the denial of Long's second PCR application. *Long v. State*, No. 17-1049, 2018 WL 3302203, at *1 (Iowa Ct. App. July 5, 2018). Procedendo issued on August 28, 2018.

Long then filed a third PCR application on December 3, 2018, alleging his PCR counsel was ineffective and seeking the protection of *Allison* to cure the untimeliness of his filing. Although the matter was initially handled by Judge Thomas Bice, the matter was transferred to Judge Wilke. While the record reflects that a hearing was held on January 14, 2019, the record does not contain a transcript and we are unable to discern whether Long renewed his argument from earlier proceedings that Judge Wilke should recuse himself. On February 6, 2019, Judge Wilke granted the State's motion to dismiss Long's third PCR application.

On February 14, 2019, Long filed a motion under Iowa Court Rule 1.904(2) to amend and enlarge the verdict. This motion claimed that Judge Wilke was biased toward Long based on having presided over the 1996 and 2011 proceedings. Because of a procedural issue not relevant here, Judge Wilke rescinded the dismissal order and allowed Long additional time to submit a reply brief in response to the State's motion to dismiss his application. Long submitted a brief. Judge Wilke dismissed Long's third PCR application on April 18, 2019. Long filed a notice of appeal on May 3, 2019. Long's counsel filed a brief and a reply brief. The State filed a brief. Long also filed a pro se brief on November 25, 2019, alleging that Judge Wilke's failure to recuse himself from the third PCR proceedings was a violation of Iowa Code section 602.1606(1).

We affirm the district court because we agree *Allison* is inapplicable. We also reject the argument raised in Long's supplemental pro se brief[2] that Judge Wilke should have recused himself.

---

[2] We consider the pro se brief as part of Smith's appeal because this matter was already pending when Iowa Code section 814.6A took effect on July 1, 2019. In *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019), the Iowa Supreme Court concluded that new legislation codified at sections 814.6 and 814.7 has no application to direct appeals from any judgment and sentence entered before July 1, 2019. We have extended the supreme court's reasoning to Iowa Code section 814.6A(1), which prohibits defendants from filing pro se briefs when represented by counsel. *State v. Syperda*, No. 18-1471, 2019 WL 6893791 (Iowa Ct. App. Dec. 18, 2019); *State v. Purk*, No. 18-0208, 2019 WL 5790875 (Iowa Ct. App. Nov. 6, 2019). We therefore consider the pro se brief filed in this case where an appeal was pending prior to July 1, 2019, even though the pro se brief was filed after such date. *See Risdal v. State*, No. 19-0793, 2020 WL 1879588 (Iowa Ct. App. Apr. 15, 2020) (considering a supplemental pro se brief filed October 11, 2019).

## II.    Standard of Review

"[W]e review a grant of a motion to dismiss a PCR petition for correction of errors at law."  *Allison*, 914 N.W.2d at 870.  A trial court's decision not to recuse itself is reviewed for abuse of discretion.  *Taylor v. State*, 632 N.W.2d 891, 893 (Iowa 2001).

## III.    Discussion

### a.  Timeliness

Iowa Code section 822.3 requires that PCR applications be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."  Following Long's initial appeal, procedendo issued on July 13, 2012, and thus Long was required to file a PCR application three years from that date.  Although Iowa Code section 822.3 provides that the limitations period "does not apply to a ground of fact or law that could not have been raised within the applicable time period," the Iowa Supreme Court has held that ineffective assistance of PCR counsel is not a "ground of fact" within the meaning of section 822.3's exception to the three-year limitations period for PCR applications.  *Dible*, 557 N.W.2d at 884.  However, the court later qualified *Dible* in *Allison*, 914 N.W.2d at 891, where it created a narrow exception to the limitations period:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

The court called this new rule "a variant of" equitable tolling.[3]  *Allison*, 914 N.W.2d at 891.

Long's third PCR application does not fit into *Allison*'s narrow exception. *Allison* allowed a second PCR petition to relate back to the timing of a first PCR petition.  *Id.* ("[T]he timing of the filing of the *second* PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the *successive* PCR petition is filed promptly after the conclusion of the *first* PCR action." (emphasis added)); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. 2018) ("Kelly's third application is time-barred, as it does not fall within the narrow confines of *Allison*.  This is not Kelly's second application but his third.").  The instant PCR application is Long's third; therefore,

---

[3] The *Allison* court described equitable tolling as follows: "Under this equitable doctrine, the three-year statute of limitations is tolled from the time of the filing of the first petition for PCR until the first PCR proceeding's conclusion. Upon the conclusion of the first action, the three-year statute of limitations commences to run again." 914 N.W.2d at 891*.* However, the *Allison* court did not affirmatively adopt the doctrine of equitable tolling.  *Id.*; *see Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 (Iowa Ct. App. Jan. 9, 2020) (discussing interpretations of *Allison* but refusing to consider an argument for equitable tolling on error preservation grounds); *Fountain v. State*, No. 17-2024, 2019 WL 5414928, at *3 n.7 (Iowa Ct. App. Oct. 23, 2019) (refraining from considering whether *Allison* implemented a doctrine of equitable tolling apart from the expressly adopted variant); *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 n.3 (Iowa Ct. App. Aug. 21, 2019) ("We agree *Allison* discusses, but does not adopt, equitable tolling 'during an active PCR claim.'"); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 n.7 (Iowa Ct. App. Feb. 20, 2019) ("Allison references, but does not adopt, a tolling variant where the three-year statute of limitations is tolled during an active PCR claim."); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 n.1 (Iowa Ct. App. Aug. 1, 2018) (characterizing *Allison* as not having adopted equitable tolling); *see also McCullough v. State*, No.17-0434, 2018 WL 346463, at *1 (Iowa Ct. App. Jan. 10, 2018) (collecting pre-*Allison* cases that take the position "the doctrine of equitable tolling does not apply to section 822.3."); *but see Stechcon v. State*, No. 17-1531, 2018 WL 3913126, at *2 (Iowa Ct. App. Aug. 15, 2018) ("The [*Allison*] court essentially invoked an equitable tolling doctrine to permit consideration of a second postconviction relief application.").

*Allison* does not apply. *Id.* If we were to allow Long's third PCR application to relate back to the date of his first, we would enable the "endless procession of postconviction actions" feared in *Dible*. 557 N.W.2d at 886. We conclude Long's third PCR application was untimely and not saved by *Allison*.

### b. Recusal

In a pro se brief filed in this third PCR, Long argues he was prejudiced by having the same judge sit for his 1996 guilty plea, his 2011 proceedings, and the proceedings related to his third PCR application. He alleges that Judge Wilke's failure to recuse himself was a violation of Iowa Code section 602.1606(1)(a).

#### i. Error preservation

Neither appellant's counsel nor the State address Long's recusal argument. Upon consideration, we conclude Long's argument is preserved.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.*

Judge Wilke sustained the State's motion to dismiss Long's third PCR application on February 6, 2019. Long filed a motion under rule 1.904(2) on February 14, 2019, raising the claim that Judge Wilke's failure to recuse himself despite bias resulted in prejudice to Long. Judge Wilke then rescinded the order dismissing the PCR application and gave Long additional time to reply to the State's brief seeking dismissal. Long filed a brief and moved to strike the State's

brief. The court denied the motion to strike and granted the State's motion to dismiss. The court did not specifically address the issue of recusal except impliedly by denying Long's third PCR application. We hold that error is preserved by Long's February 14, 2015, motion to amend and enlarge under rule 1.904(2).

ii. Merits

Long's pro se brief leaves unclear whether he thinks the recusal argument he raised during his first PCR trial is separate and severable from the recusal argument based on Judge Wilke presiding over the third PCR proceedings. If the recusal claims are viewed as severable, we would find the claim regarding the 1996 plea and 2011 trial precluded.

Issue preclusion prevents parties from relitigating issues that were raised and resolved in a previous action. *Employers Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012). The doctrine protects litigants from having to relitigate identical issues with identical parties, and it furthers the interest of judicial economy and efficiency. *Id.* Issue preclusion is established by the satisfaction of four elements:

> (1) the issue in the present case must be identical, (2) the issue must have been raised and litigated in the prior action, (3) the issue must have been material and relevant to the disposition of the prior case, and (4) the determination of the issue in the prior action must have been essential to the resulting judgment.

*Fischer v. City of Sioux City*, 654 N.W.2d 544, 547 (Iowa 2002). With respect to the recusal claim regarding the 2011 proceedings, all four of these elements are plainly met. During the course of the first PCR proceedings, the court considered and rejected the identical argument that Judge Wilke should have recused himself from the 2011 trial and sentencing, finding no violation of Iowa Code section

602.1606(1). That argument was litigated, it was highly material and relevant to the case's disposition, and its determination was essential to the resulting judgment. We have said "PCR proceedings are "not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of [r]es judicata bars additional litigation" of previously adjudicated issues. *Miller v. State*, No. 13-1240, 2015 WL 1815903, at *3 (Iowa Ct. App. Apr. 22, 2015) (quoting *State v. Wetzel,* 192 N.W.2d 762, 764 (Iowa 1971)). Thus, we will not revisit this decided issue. Under the doctrine of issue preclusion, Long's argument is rejected to the extent it restates the claim that there was an abuse of discretion or a violation of section 602.1606(1) when Judge Wilke refused to recuse himself in 2011.

We next consider the question of whether it was proper for Judge Wilke to preside over Long's third PCR proceedings. We note that this claim also raises the specter of issue preclusion. As discussed in the Restatement (Second) of Judgments,

> One of the most difficult problems in the application of the rule of [issue preclusion] is to delineate the issue on which litigation is, or is not, foreclosed by the prior judgment. The problem involves a balancing of important interests: on the one hand, a desire not to deprive a litigant of an adequate day in court; on the other hand, a desire to prevent repetitious litigation of what is essentially the same dispute.

Restatement (Second) of Judgments § 27 cmt. c (Am. Law. Inst. 1982). Such difficulty of determining identicalness is present here. It is unclear from Long's pro se brief whether he argues that the sum of Judge Wilke's experiences on Long's cases necessitated recusal in 2019 or, alternatively, that Judge Wilke's presiding over both the 2011 proceedings and the 2019 proceedings constituted separate

violations of section 602.1606(1). Depending on how we were to resolve this question, we might find that Long's claim is identical to his recusal argument raised during the first PCR proceedings. Regardless of the scope with which we interpret Long's claim, we conclude it must fail on the merits, and we therefore decline to reach the issue-preclusion questions raised by Long's recusal claim here on appeal.

As noted by the district court in its denial of Long's first PCR application, a judge need only recuse himself or herself if the alleged personal bias, prejudice, or knowledge of disputed evidentiary facts stems from an *extrajudicial* source. Iowa Code section 602.1606(1) ("A judicial officer is disqualified from acting in a proceeding, except upon the consent of all of the parties, if any of the following circumstances exists: a: The judicial officer has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."); *State v. Smith*, 282 N.W.2d 138, 142 (Iowa 1979) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.") (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *In re J.A.P.*, No. 09-0486, 2009 WL 4241795, at *4 n.6 (Iowa Ct. App. Nov. 25, 2009) ("Extrajudicial" means "Outside court; outside the functioning of the court system." (quoting Black's Law Dictionary 606 (7th ed. 1999)); *State v. Hunter*, No. 01-1919, 2002 WL 31757491, at *3 (Iowa Ct. App. 2002) ("Only personal bias or prejudice stemming from an extrajudicial source and resulting in an opinion on the merits on some basis other than what the judge

learned from participation in the case ranks as a disqualifying factor; judicial predilection does not.").

We applied this rule in the postconviction-relief context when we decided *Miller v. State*, No. 13-1240, 2015 WL 1815903, at *1 (Iowa Ct. App. Apr. 22, 2015). In that case, the PCR applicant had two trials, since the first ended in a mistrial. *Miller*, 2015 WL 1815903, at *1. The same judge presided over both the second trial and the PCR proceeding. *Id.* The applicant's PCR counsel requested at the PCR hearing that the judge recuse himself because the applicant "believed the judge . . . may have had 'some preconceived notions or biases.'" "[T]he judge denied the recusal request on the record, explaining he did not 'recall much' about Miller's criminal trial, and he stated he believed he could be fair and unbiased and had 'no prejudice or bias whatsoever in regard to [the applicant] or any issues in this case.'" In concluding it was no abuse of discretion to deny the recusal request, we said,

> Mere speculation as to judicial bias is not sufficient to prove the grounds necessary for recusal, *see State v. Mann,* 512 N.W.2d 528, 532 (Iowa 1994), nor is a judge's perception or attitude arising from the judge's participation a disqualifying factor. *See Millsap,* 704 N.W.2d [426,] 432 [(Iowa 2005)]. Rather, personal bias or actual prejudice stemming from an extrajudicial source must be shown.

*Id.* at *5.

Long raises no claim that Judge Wilke had any judicial bias or prejudice toward him stemming from any source other than the judge's prior encounters with Long in the course of judicial proceedings. Further, Long has not proffered any evidence showing that Judge Wilke had personal knowledge obtained in any manner other than through his responsibilities as a court officer. Long's conclusory

statements that Judge Wilke was biased, prejudiced, or had impermissible personal knowledge amount to either mere speculation or a misunderstanding of Iowa law. *See Smith*, 282 N.W.2d at 142. Neither suffices to show a violation of section 602.1606(1), and it was no abuse of discretion on Judge Wilke's part to refrain from recusal. We therefore reject Long's claim.

**Conclusion**

Because Long's third PCR application was untimely and not saved by *Allison*, the district court was correct to dismiss the application. Additionally, we reject Long's claim that Judge Wilke should have recused himself, since Long offered no evidence that the judge had knowledge of Long's cases other than from the course of his judicial responsibilities. We find no abuse of discretion and no violation of section 602.1606(1). We therefore affirm.

**AFFIRMED.**