State of Iowa, Appellee, v. William Sharpshair, Appellant.

No. 41393.

November 22, 1932.

James L. Cameron, for appellant.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, and R. R. Bateson, County Attorney, for appellee.

Claussen, J.—Appellant was arrested about a mile and a quarter north of Eldora. When the arresting officer arrived upon the scene, the car was partly out of the road and partly in a small ditch. Appellant and his wife and one or more children were out of the car. The officer met appellant coming from behind the car with his family. In response to an inquiry, the wife stated, in substance, among other things, that her husband had been driving the

car. He himself said, "I just got in the ditch." The tracks of the car were visible, and went from one side of the road to the other. Appellant was surrendered to the sheriff, and on the following morning admitted to a deputy sheriff that he had driven the car into the ditch north of Eldora, and had been drinking. These facts and circumstances were developed upon the trial of the case, and in addition thereto, the arresting officer and the sheriff testified that appellant was intoxicated. As a witness himself, appellant denied driving the car, but admitted the use of a small quantity of alcohol in "spiked" beer. The wife, testifying for her husband, admitted making to the officer the statement before mentioned, but denied its truth. She testified that she was the driver of the car. Upon rebuttal, two witnesses testified, without objection, that they thought, or that it was their impression, that appellant was driving the car at the fair grounds in Eldora,—from which place it was unquestionably driven to the scene of the arrest.

■ The testimony of the officer in relation to the statement made by the wife was admitted over objection that it was incompetent, and on the further ground that it was hearsay, and would be incompetent if the wife were called as a witness. There was no error in this. The wife would not be a competent witness against appellant, but this does not make her statement incompetent. The situation is almost identical with the one considered by this court in State v. Middleham, 62 Iowa 150, in which it was held that such testimony was properly admitted. The statement was made in the presence and hearing of appellant. Its evidentiary value arises from the failure of appellant to deny its truth. The testimony was not objectionable as being hearsay.

■ At the close of the State's case in chief, a motion for a directed verdict was made by appellant, the burden of which was that the testimony was insufficient to sustain a conviction, in that there was no proof of the *corpus delicti,* other than the admissions of the appellant made out of court. The motion was overruled. In view of the conclusion ultimately reached, this ruling need not be reviewed, for the case will not be remanded for retrial if, at the close of the entire case, there was sufficient evidence to warrant its submission to the jury. Cushman v. Carbondale Fuel Co., 116 Iowa 618.

■ At the close of the case, the motion was renewed, upon substantially the same grounds, and was overruled. There was ample

testimony in the record to warrant a finding that appellant was intoxicated. Several witnesses testified that he was intoxicated. It is obvious that someone had driven the car. It was at the side of the road, partly in a small ditch, more than a mile from town. Tracks were visible on the road, weaving from one side to the other. Surely, someone drove the car there. It was proper and sufficient to establish the identity of appellant as the driver of the car by his admissions made out of court, exactly as it is proper and sufficient to establish the identity of any defendant as the perpetrator of a proved act by such admissions. At the time the last motion was overruled, the testimony of the rebuttal witnesses was in the case. It tended to prove that appellant was the driver of the car. There was evidence other than appellant's extra-judicial admissions, tending to prove every essential element of the crime charged. It is neither suggested nor decided that such other evidence must embrace every element of the crime. It is merely suggested that in the case at bar such evidence does pertain to every essential element of the crime.

The record discloses no error. Consequently the judgment of the trial court is affirmed.—Affirmed.

STEVENS, C. J., and EVANS, ALBERT, KINDIG, and BLISS, JJ., concur.