STATE of Iowa, Appellee,

v.

Brian BRAUN, Appellant.

No. 91–1214.

Supreme Court of Iowa.

Feb. 17, 1993.

Rehearing Denied March 26, 1993.

David Scieszinski, Wilton, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget Chambers, Asst. Atty. Gen., William F. Creasey, County Atty., and Suzanne E. Elwell, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and SNELL, JJ.

SNELL, Justice.

Appellant, Brian Braun, has appealed his conviction of operating while intoxicated in violation of Iowa Code section 321J.2 (1991). Braun argues that three errors were committed at trial: (1) the trial court improperly admitted into evidence the results of an Intoxilyzer breath test because the State failed to establish that the arresting officer had reasonable grounds to believe the defendant was operating a motor vehicle while intoxicated in violation of section 321J.2; (2) the trial court erred in overruling Braun's objection to the testimony of an expert witness on the ground that his testimony was beyond the scope of the minutes of testimony; and (3) the trial court erred in excluding a defense witness because Braun failed to give timely notice of the identity of the witness to the State. The court of appeals reversed Braun's conviction, finding that the arresting officer did not have reasonable grounds to believe that Braun was operating a motor vehicle while intoxicated. On further review, we vacate the decision of the court of appeals and affirm the trial court's judgment on all three issues.

## I. *Background and facts.*

Around five a.m. on March 23, 1991, Muscatine County Deputy Sheriff Craig Burmeister was dispatched to investigate a car that had stopped on Highway F70 in rural Muscatine County. Deputy Burmeister arrived at the location at 5:23 a.m. that morning. He found the car parked on the yellow center line of Highway F70, a position which required oncoming cars from either direction to maneuver around it. The car was not running and the headlights were not illuminated. Burmeister stopped and approached the car.

Deputy Burmeister saw the defendant, Brian Braun, asleep in the driver's seat, leaning against the door. Burmeister tapped on the window. Getting no response, he opened the car door and woke Braun. Burmeister then asked Braun for his driver's license. Burmeister testified at trial that Braun had some difficulty getting his wallet and removing his license. Burmeister asked Braun why he was parked in the middle of the road. Braun responded that it had been raining very hard and he was unable to see, so he pulled over. Braun said he had then fallen asleep. Burmeister noticed Braun's speech was slurred and he seemed somewhat confused. Braun's eyes were bloodshot and Burmeister noticed a moderate smell of alcohol.

The deputy asked Braun to accompany him to his patrol car. Burmeister testified that Braun had some difficulty with balance; Braun leaned up against his car for a few seconds before walking back to the patrol car. Burmeister thought Braun seemed "unsteady" and "unstable" as he walked.

In the patrol car, Burmeister asked Braun if he had been drinking. Braun replied that he had. Braun stated that he did not know how long it had been since he had been drinking. The deputy asked whether Braun had driven the car to that location, and Braun replied "yes." At this point, Burmeister administered a preliminary breath screening test. The test indicated that Braun had an alcohol concentration above the legal limit. *See* Iowa Code § 321J.1(1) and § 321J.2(1)(b).

Burmeister did not see alcohol containers in or around the car. No alcohol containers were found on the roadway or the shoulders of the road. Braun did not indicate that he had been drinking while in his car. Burmeister had not seen anyone near the car or walking on the road when he drove from Muscatine to Braun's location.

Burmeister placed Braun under arrest for operating while intoxicated and transported him to the Muscatine Public Safety Building. At the public safety building, Braun performed three field sobriety tests. He passed the nine-step "walk and turn" test and the "one-leg stand" test. However, Braun failed the horizontal gaze nystagmus test. Burmeister invoked the implied consent law and asked Braun to take an Intoxilyzer breath test. *See* Iowa Code § 321J.6. Braun complied. The test showed an alcohol concentration of 0.14 grams of alcohol per 210 liters of breath.

Braun was taken to the booking room of the Muscatine County Jail. Burmeister read Braun the *Miranda* warnings and conducted an interview. Burmeister asked Braun how much he had drunk that evening. Braun stated that he had about three drinks. Later in the interview, Braun stated he had "two beers." Braun said that he had been drinking at a friend's home and had stopped drinking around 10:00 p.m. the previous evening. Braun said he left the friend's home at 2:00 a.m. Braun told Burmeister that he had been driving the car on his way home. Braun restated that it had been raining, he pulled over to wait for the rain to stop, and fell asleep.

A trial information was filed on April 9, 1991. The information was endorsed with the name of two witnesses, Craig Burmeister and Calvin Rayburn. The minutes of testimony for Rayburn contained only the laboratory certification for an Intoxilyzer located at the Muscatine Police Department and testimony that the Intoxilyzer measures alcohol concentration. On June 25, 1991, the State filed a notice of additional minutes of testimony that contained a summary of further topics regarding intoxication in which Michael Rehberg, as the

designee of Calvin Rayburn, was expected to testify at trial. At trial, Braun objected to Rehberg's additional testimony as outside the scope of the minutes of testimony, because the State had improperly amended its initial minutes. The trial court overruled Braun's objection.

At trial, Braun requested permission from the trial court to introduce the testimony of a witness whose identity and proposed testimony had not been previously disclosed to the State. On the first day of trial, Braun produced a witness who would testify that he had driven the car to the place where it was parked at the time of Braun's arrest. The State objected on the ground that the State did not have sufficient time to depose the witness. The court sustained the State's objection and excluded the proposed witness from the trial.

## II. *Admission of the Intoxilyzer test results.*

Under Iowa Code section 321J.2, a person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state while having an alcohol concentration of .10 or more, as defined in Iowa Code section 321J.1(1). Our implied consent law provides the procedures by which a police officer may administer a test of alcohol concentration. It reads:

1. A person who operates a motor vehicle in this state under circumstances which give reasonable grounds to believe that the person has been operating a motor vehicle in violation of section 321J.2 is deemed to have given consent to the withdrawal of specimens of the person's blood, breath, or urine and to a chemical test or tests of the specimens for purpose of determining the alcohol concentration or presence of drugs, subject to this section. Withdrawal of the body substances and the test or tests shall be administered at the written request of a peace officer having reasonable grounds to believe that the person was operating a motor vehicle in violation of section 321J.2, and if any of the following conditions exist:

. . . .

d. The preliminary breath screening test was administered and it indicated an alcohol concentration as defined in section 321J.1 of .10 or more.

Iowa Code § 321J.6(1)(d).

Consent to withdraw specimens for determining alcohol concentration or the presence of drugs exists when two conditions exist; a person operates a motor vehicle under circumstances which give reasonable grounds to believe that the person has been operating the motor vehicle while intoxicated, and one of six additional conditions listed in section 321J.6(1) is met. Condition "d," that a preliminary breath screening test was administered and it indicated an alcohol concentration as defined in section 321J.1 of .10 or more, was met in this case. Braun argues that Deputy Burmeister did not have reasonable grounds to believe that Braun was operating a motor vehicle in violation of section 321J.2. Specifically, Braun contends that Burmeister did not have reasonable grounds to believe that Braun was intoxicated.

While the preliminary breath screening test showed that Braun had an impermissible level of alcohol in his body, that test cannot serve as a basis for finding reasonable grounds to believe that Braun was operating while intoxicated. The test results and the finding of reasonable grounds are two separate criteria; both must be satisfied. *Nieman v. Iowa Dep't of Transp.*, 452 N.W.2d 203, 204 (Iowa App.1989). Unless a collision resulting in injury or death has occurred, reasonable grounds must exist before administration of a preliminary breath screening test is authorized by law. Iowa Code § 321J.5; *cf. Westendorf v. Iowa Dep't of Transp.*, 400 N.W.2d 553, 555 (Iowa 1987) (results of a preliminary breath screening test may be included in the determination of whether the reasonable grounds requirement under section 321J.12 (1985) is met to allow the department of transportation to revoke a person's motor vehicle license).

The reasonable grounds test is met when the facts and circumstances known to the officer at the time action was

required would have warranted a prudent person's belief that an offense has been committed. *State v. Owens*, 418 N.W.2d 340, 342 (Iowa 1988); *Crosser v. Iowa Dep't of Pub. Safety*, 240 N.W.2d 682, 685 (Iowa 1976). Aside from the preliminary breath screening test, ample evidence that Braun was intoxicated was present. Deputy Burmeister testified that he found Braun asleep at the steering wheel of a car parked in the middle of the highway, Braun had difficulty removing his wallet and driver's license, Braun's speech was somewhat impaired, and he seemed confused. Burmeister also noticed that Braun's eyes were bloodshot and there was a moderate odor of alcohol about him. Braun had difficulty walking to the police car, leaned against his car to maintain balance, and walked in an unstable and unsteady manner. Braun admitted to Burmeister that he had been drinking and he had been driving. This evidence is sufficient to support the officer's belief that reasonable grounds existed to believe that Braun was intoxicated.

■ The Iowa Court of Appeals reversed Braun's conviction because the court found a lack of direct evidence of reasonable grounds to believe that Braun was operating the vehicle. However, the elements of a crime may be proven by circumstantial evidence as well as direct evidence. Direct evidence and circumstantial evidence are equally probative. Iowa R.App.P. 14(f)(16). Operation of the motor vehicle by the defendant may be established by circumstantial evidence. *State v. Hiatt*, 231 Iowa 499, 506–07, 1 N.W.2d 664, 668 (1942) (court upheld operating while intoxicated conviction in which defendant was not seen driving the car, but stated at the scene of an accident that he had been driving, and no other person was seen near the car or with the defendant); *State v. Sharpshair*, 215 Iowa 399, 401, 245 N.W. 350, 351 (1932) (court upheld operating while intoxicated conviction in which police officers arrived at a stalled car, the defendant was standing outside the car with his family, and the defendant stated that he had been driving).

Braun relies on *State v. Creighton*, 201 N.W.2d 471 (Iowa 1972), in which this court reversed a conviction of operating while intoxicated because the State failed to present any evidence that the defendant was intoxicated at the time he drove his car. We find, however, that the State in the present action has shown sufficient evidence that reasonable grounds existed to believe that Braun operated his car and was intoxicated at the time.

In *Creighton*, the State established by circumstantial evidence that the defendant was the driver in a one-car accident. The defendant was found wandering alone in the road, bloodied from a head injury, and he stated that he had driven into the ditch. *Id.* at 472–73. The court, however, reversed the defendant's conviction because the record lacked sufficient circumstantial evidence to establish that the defendant was intoxicated at the time; no sobriety tests were given, no search was made for alcohol containers from which the defendant might have drunk after the accident, and there was no showing of how much time had elapsed between the accident and arrest. *Id.* at 473.

There is an abundance of circumstantial evidence that Braun had driven his car to the location where Deputy Burmeister found him and that Braun had driven there in an intoxicated condition. Braun was asleep in the driver's seat, with all of the controls within his reach. The car was dangerously parked in the middle of an undivided highway. Deputy Burmeister did not see any other person walking along the highway away from the car. No alcohol containers were found in the car nor were seen on the ground. Braun appeared drunk and Burmeister smelled alcohol on his breath. Finally, Braun admitted at the scene where Burmeister found him and again at the public safety building that he had drunk intoxicants and then driven to the location on Highway F70. In *Sharpshair*, this court stated:

It was proper and sufficient to establish the identity of appellant, as the driver of the car, by his admissions made out of court, exactly as it is proper and sufficient to establish the identity of any de-

fendant as the perpetrator of a proved act by such admissions.

215 Iowa at 401, 245 N.W. at 351; *see also Creighton*, 201 N.W.2d at 472–73. We find that there is sufficient circumstantial evidence in the record to show that Deputy Burmeister had reasonable grounds to believe that Braun was operating the vehicle while intoxicated to warrant invocation of the implied consent law. The trial court did not abuse its discretion in admitting the results of the Intoxilyzer breath test. *State v. Hershey*, 348 N.W.2d 1, 2 (Iowa 1984).

### III. *Testimony beyond the scope of the minutes of testimony.*

The trial information filed against Braun included minutes of testimony expected at trial. It stated that Calvin Rayburn or designee would testify that the Intoxilyzer Model 4011A measures the alcohol concentration of the person being tested and has a margin of error of plus or minus five percent. Rayburn or his designee would also testify regarding the operation and certification of the Intoxilyzer. On June 25, 1991, the assistant county attorney filed with the associate district court a "Notice of Additional Minutes of Testimony." It stated that Michael Rehberg, as designee of Rayburn, would also testify regarding the effect of alcohol on the human body and the factors affecting a person's alcohol concentration, and give his expert opinion of Braun's alcohol concentration on March 23, 1991, at the time he was alleged to have been operating a motor vehicle. June 25 was the original date of trial, but when Braun arrived at the courthouse, a clerk informed him that the trial had been moved to July 10. He was then handed the Notice of Additional Minutes of Testimony, which stated it was written and filed pursuant to Iowa Rule of Criminal Procedure 18(2).

On July 11, 1991, the second day of trial, the trial court entered an order entitled "Motion for Continuance" which stated that counsel for the defendant, upon acknowledging receipt of the additional minutes of testimony on June 25, had requested a continuance of the trial for sufficient time to allow a deposition of the witness listed in the additional minutes. The order noted that the record did not contain a written document indicating a continuance at the defendant's request, therefore the court entered the order granting the continuance after the fact.

Braun responded by filing a resistance to the Motion for Continuance. It stated that the defendant did not request the court to continue the matter because of the filing of the Notice of Additional Minutes of Testimony on June 25, 1991. Braun argued that notice for amendment of minutes of testimony must comply with Iowa Rule of Criminal Procedure 4(8)(a) and (b), not rule 18(2).

Iowa Rule of Criminal Procedure 5(3) requires the prosecuting attorney at the time of filing an information to also file written minutes of evidence of the witnesses supporting that information. These minutes must state the name, place of residence and occupation of each witness upon whose testimony the information is based, and a full and fair statement of the witness' expected testimony at trial.

Iowa Rule of Criminal Procedure 5(5) states that "[t]he term 'indictment' embraces the trial information, and all provisions of law applied to prosecutions on indictments apply also to informations, except where otherwise provided for by statute or in these rules, or when the context requires otherwise." We have a rule which governs the amendment of an indictment, but no corresponding rule for an information. We therefore look to the rule for amendment of an indictment.

Iowa Rule of Criminal Procedure 4(8)(a) provides that the court may, on motion of the State, amend an indictment to correct errors or omissions in matters of form or substance. When the amendment is proposed before trial, subsection "b" requires the application and proposed amendment be served upon the defendant or the defendant's attorney of record, and an opportunity be given to the defendant to resist the application. Iowa Rule of Criminal Procedure 4(8)(e) states "minutes may be amended in the same manner and to the same

extent that an indictment may be amended."

Iowa Rule of Criminal Procedure 18(2) states that "a witness may testify for the State if the witness' identity and a minute of the witness' evidence has been given to the court and defendant pursuant to these rules." An exception is provided which states that:

> [a ]dditional witnesses in support of the indictment or trial information may be presented by the prosecuting attorney if he or she has given the defendant's attorney of record ... a minute of such witness' evidence, as defined in R.Cr.P. 4(6) "a" or 5(3), at least ten days before the commencement of the trial.

Iowa R.Crim.P. 18(2) (emphasis added).

■ Application of the procedures provided in Iowa Rule of Criminal Procedure 18(2) and (3) is limited to those situations in which the State attempts to use witnesses *in addition* to those endorsed on the information. *See State v. Smith*, 282 N.W.2d 138, 140–41 (Iowa 1979); *State v. Nebinger*, 412 N.W.2d 180, 191 (Iowa App.1987). Rule 18(2) provides a ten-day notice provision for "additional witnesses" in support of a trial information, and rule 18(3) governs situations in which "the prosecuting attorney does not give notice to the defendant of *all prosecution witnesses* (except rebuttal witnesses) at least ten days before trial...." (emphasis added). Rehberg was not an "additional witness" within the meaning of these rules. Rehberg was the designee of Calvin Rayburn, who was endorsed as a witness on the trial information. Braun received this minute of testimony. An amendment to minutes of testimony previously given on a trial information is therefore governed by rule 4(8)(e) and the procedures provided in rule 4(8).

■ Iowa Rule of Criminal Procedure 4(8)(a) allows the court to order an amendment to the minutes unless "substantial rights of the defendant are prejudiced by the amendment, or if a wholly new and different offense is charged." In this case, there was no prejudice to the defendant. Braun and his attorney were given notice upon the filing of the trial information that the State would present the testimony of an individual regarding the Intoxilyzer test as it relates to intoxication. The State gave actual written notice to Braun and his attorney of additional testimony relating to intoxication on June 25. Although trial had been scheduled for that date, the trial had been continued earlier that day. The continuance gave Braun adequate time to request an additional continuance to depose Rehberg or to request a hearing to resist the additional testimony. Braun did neither.

■ We find that, although the court erroneously applied Iowa Rule of Criminal Procedure 18(2) because Rehberg was not an additional witness, the defendant received actual notice and an opportunity to prepare or resist. The defendant was not prejudiced by the procedures followed. We generally will not reverse on the ground of technical defects in procedure unless it appears in some way to have prejudiced the complaining party or deprived him or her of full opportunity to make defense to the charge presented in the indictment or information. *Smith*, 282 N.W.2d at 141; *State v. Rank*, 214 N.W.2d 136, 138 (Iowa 1974). This includes defects relating to minutes of testimony. *Smith*, 282 N.W.2d at 141. The trial court did not abuse its discretion in admitting Rehberg's testimony. *State v. Florie*, 411 N.W.2d 689, 697 (Iowa 1987).

IV. *Exclusion of a defense witness for untimely notice.*

Five minutes before trial was set to begin, Braun advised his attorney that he had a witness who would testify that the witness had driven the car to the place where it was parked at the time Braun was arrested. Braun's attorney immediately notified the court and the State that Braun had identified a new witness and requested that he be permitted to use the witness in defense. The State objected on the ground that the new testimony would affect the theory of prosecution and would require the State to conduct further investigation in the case. The trial court sustained the objection and excluded the witness from trial.

Iowa Rule of Criminal Procedure 12(3) states:

> [T]he defendant shall file a written list of the names and addresses of all witnesses expected to be called for the defense (except the defendant and surrebuttal witnesses), and the defendant will have a continuing duty before and throughout trial promptly to disclose additional defense witnesses. Such witnesses shall be subject to being deposed by the state.

 Rule 12(3) requires the defendant to file the names and addresses of all *expected* witnesses for the defense and imposes a continuing duty to disclose any additional defense witnesses. In determining whether the proposed witness was "expected," our review is limited by the subjective test of the defendant's expectation. *State v. Marchellino*, 304 N.W.2d 252, 255 (Iowa 1981).

Some three-and-one-half months had passed from Braun's arrest to the first day of trial. Braun had ample time to notify his attorney that an individual could supply testimony that would completely negate an essential element of the crime for which Braun was charged. Clearly such a witness would be "expected" to testify at trial to exonerate Braun, and no excuse is provided for Braun's failure to notify his counsel until the day of trial. Failure to notify the State of this witness until trial was a breach of the defendant's duty under rule 12(3).

Iowa Rule of Criminal Procedure 12(4) provides sanctions for the defendant's failure to comply with subsection 3. This rule states:

> If the defendant ... does not disclose to the prosecuting attorney all of the defense witnesses (except the defendant and surrebuttal witnesses) at least nine days before trial, the court may order the defendant to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances. It may, if it finds that no less severe remedy is adequate to protect the state from undue prejudice, order the exclusion of the testimony of any such witnesses.

We find that the trial court did not abuse its discretion in ordering the exclusion of the eleventh-hour witness. *State v. Gates*, 306 N.W.2d 720, 725 (Iowa 1981). This remedy is expressly provided to protect the State from undue prejudice.

For these reasons, we affirm Braun's conviction of operation of a motor vehicle while intoxicated in violation of Iowa Code section 321J.2.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.