# IN THE COURT OF APPEALS OF IOWA

No. 17-1951
Filed March 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FREDERIC HAYER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge (motion to suppress), and Lucy J. Gamon, Judge (trial).

Defendant appeals his convictions and sentence for carrying weapons, operating while intoxicated, and possession of marijuana. **AFFIRMED.**

Robert G. Rehkemper of Gourley, Rehkemper & Lindholm P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Heard by Vogel, C.J., Vaitheswaran, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Frederic Hayer appeals his convictions and sentence for the crimes of carrying weapons, operating while intoxicated, and possession of marijuana. He argues the district court's incorrect interpretation of Iowa's implied consent statute resulted in the inappropriate denial of his motion to suppress. Also, he asserts none of the jury's guilty verdicts were supported by sufficient evidence. We find the district court correctly interpreted and applied Iowa law and substantial evidence supports the jury's findings.

## I. Background Facts and Proceedings

On February 9, 2017, Deputy Matthew Maschmann was on routine patrol when he observed a vehicle in the middle of a gravel road with the driver's door ajar and an individual, later identified as Hayer, standing next to the vehicle. As the deputy approached, the individual returned to his vehicle and began driving in the opposite direction of the deputy. After running the license plate number and discovering the registration was expired, the deputy stopped the vehicle.

The deputy approached the driver in the vehicle and detected an odor of "raw marijuana." He questioned the driver, Hayer, about the odor, and Hayer admitted he "had just smoked a little bit on the gravel road prior to [Deputy Maschmann] stopping him." Hayer stated he smoked "one hit" from a "one hitter." The deputy asked, "Do you feel the effects of [the marijuana]?" Hayer responded, "I mean, not—like, a little bit." Hayer also informed the deputy he had a concealed weapons permit, a loaded pistol in his pocket, and other firearms properly stored in his vehicle.

Hayer consented to a search of his vehicle, during which the deputy found rolling papers but no marijuana. Hayer was placed under arrest for carrying weapons and was transported to the county jail. At the jail, Hayer consented to and fully cooperated in field sobriety tests and a preliminary breath test. Despite having displayed some clues of impairment, Deputy Maschmann determined Hayer passed the tests. However, based on Hayer's admission to having smoked some marijuana and the deputy's detection of the odor, the deputy then invoked implied consent and requested a urine sample. The urine tested positive for marijuana metabolites with a threshold level of sixty nanograms per milliliter.

Hayer was charged with carrying weapons, an aggravated misdemeanor, in violation of Iowa Code section 724.4(1) (2017); operating while intoxicated, first offense, a serious misdemeanor, in violation of Iowa Code section 321J.2; and possession of marijuana, a serious misdemeanor, in violation of Iowa Code section 124.401(5). Hayer filed a motion to suppress arguing Deputy Maschmann illegally invoked implied consent and, therefore, Hayer's positive urine test result should be suppressed. The district court denied the motion after a hearing, held on June 15, 2017. Hayer renewed his motion on November 1, and it was again denied. A jury trial was held on November 14, and the jury returned a guilty verdict on each of the counts. Hayer received the following sentence: two days in jail, suspended, and one-year probation, as well as a fine of $315 for the carrying weapons conviction; two days in jail and a fine of $1250 for the operating while intoxicated

conviction;[1] and two days in jail, suspended, and one-year probation, as well as a fine of $315 for the possession conviction.

## II. Standard of Review

"We review rulings on questions of statutory interpretation for correction of errors at law." *State v. Childs*, 898 N.W.2d 177, 181 (Iowa 2017) (quoting *State v. Iowa Dist. Ct.*, 889 N.W.2d 467, 470 (Iowa 2017)). Additionally, "[w]e review sufficiency-of-the-evidence claims for correction of errors at law. We uphold a verdict if substantial evidence supports it." *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005) (internal citations omitted). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Biddle*, 652 N.W.2d 191, 197 (Iowa 2002). "We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.*

## III. Implied Consent to Test

Hayer claims the district court improperly interpreted Iowa Code section 321J.6 when it denied his motion to suppress evidence of the urine test result. Hayer argues implied consent under Iowa Code section 321J.6 was inappropriately invoked because the deputy did not have "reasonable grounds to believe that [he] was under the influence of a controlled substance." Iowa Code § 321J.6(1)(f). He asserts "officers must have evidence that a motorist is impaired

---

[1] The offense of operating while intoxicated includes the operation of a motor vehicle "[w]hile any amount of a controlled substance is present in the person, as measured in the person's blood or urine." Iowa Code § 321J.2(1)(c).

or 'under the influence' of a drug prior to invoking implied consent." The State argues the officer had "reasonable grounds" based on Hayer's admissions to the officer and the officer noting the odor of marijuana emanating from the vehicle and on Hayer's breath. The following questioning of the deputy indicates his "reasonable grounds" for invoking implied consent:

> Q. Now, I want to ask you next about the — your invocation of implied consent. Could you describe for me the reasonable grounds that you had in order to invoke implied consent. A. He admitted to the consumption of the marijuana.
> Q. Anything else? A. And he was operating a motor vehicle on a public roadway.

Iowa Code "chapter 321J provides authority for chemical testing of bodily substances from persons suspected of driving while intoxicated." *State v. Palmer*, 554 N.W.2d 859, 861 (Iowa 1996); *see also* Iowa Code § 321J.6. While the statute requires the driver to give express consent before the test is administered, "[i]f the driver refuses the test, the State must revoke his or her driver's license." *Palmer*, 554 N.W.2d at 861; *see also* Iowa Code § 321J.9(1). Specifically, Iowa Code section 321J.6(1) provides,

> A person who operates a motor vehicle in this state under circumstances which give reasonable grounds to believe that the person has been operating a motor vehicle in violation of section 321J.2 . . . is deemed to have given consent to the withdrawal of specimens of the person's blood, breath, or urine and to a chemical test or tests of the specimens for the purpose of determining the . . . presence of a controlled substance . . . . The withdrawal of the body substances and the test or tests shall be administered at the written request of a peace officer having reasonable grounds to believe that the person was operating a motor vehicle in violation of section 321J.2 . . . , and [one of the seven conditions exist] . . . .

The pertinent condition in this case is subsection f, which provides "[t]he preliminary breath screening test was administered and it indicated an alcohol

concentration less than the level prohibited by section 321J.2, and the peace officer has reasonable grounds to believe that the person was under the influence of a controlled substance." Iowa Code § 321J.6(1)(f).

Hayer cites to *Childs* to support his assertion that an officer must have evidence a driver is "impaired" before invoking implied consent. 898 N.W.2d at 182–87. In *Childs*, our supreme court reaffirmed the "per se ban on driving with any amount of a controlled substance in the body, 'whether or not they are under the influence.'" *Id.* at 183 (quoting *State v. Comried*, 693 N.W.2d 773, 776 (Iowa 2005)). Hayer points to one sentence in the decision that states, "The harshness of Iowa's flat ban is ameliorated by the fact that the motorist would be asked to submit to chemical testing only after the officer performed a lawful traffic stop and had reasonable grounds to believe the driver was impaired." *Id.* at 185. Hayer argues the deputy had no evidence Hayer had any amount of marijuana in his system and he was merely acting on a "suspicion or a hunch." The State asserts the quoted sentence from *Childs* is dicta, and the use of the word "impaired" does not supplant the legislature's terminology of "under the influence of a controlled substance," found in Iowa Code section 321J.6(1)(f), and "any amount of a controlled substance is present," as stated in Iowa Code section 321J.2(1)(c). We agree.[2]

"The reasonable grounds test is met when the facts and circumstances known to the officer at the time action was required would have warranted a

---

[2] We find such statement is dicta because it is not necessary to the disposition of the case. *See Westinghouse Credit Corp. v. Crotts*, 98 N.W.2d 843, 848 (Iowa 1959) (finding statements in the opinion that were "not necessary to a determination of the case" are considered "mere dicta and not authority to be followed").

prudent person's belief that an offense has been committed." *State v. Braun*, 495 N.W.2d 735, 738–39 (Iowa 1993); *see also State v. Boleyn*, 547 N.W.2d 202, 205 (Iowa 1996) ("The reasonable grounds test is determined under the facts and circumstances known to the officers at the time the implied consent law is evoked."). Deputy Maschmann performed a lawful stop after finding Hayer's registration was expired. Upon reaching Hayer's vehicle, Deputy Maschmann smelled marijuana. Ultimately, Hayer admitted to smoking "one hit" of marijuana within one to three minutes prior to the stop when Deputy Maschmann saw him on the gravel road. Hayer also admitted to feeling the effects of marijuana "a little bit" during the stop. Moreover, Deputy Maschmann detected an odor of marijuana on Hayer's breath. Because of the odor of marijuana in the vehicle and on Hayer's breath, as well as Hayer's admissions of smoking marijuana and feeling its effects, we find the deputy had reasonable grounds to believe Hayer was under the influence of a controlled substance—marijuana—and properly invoked implied consent. *See* Iowa Code § 321J.6(1)(f). Furthermore, we find the district court properly interpreted and applied Iowa Code section 321J.6 and appropriately denied Hayer's motion to suppress.

## IV. Sufficiency of the Evidence

### A. Carrying Weapons and Operating While Intoxicated

Next, Hayer argues insufficient evidence exists to support the guilty verdicts for the carrying weapons and operating while intoxicated offenses because the State failed to prove he had a controlled substance in his urine at the time either

offense was allegedly committed.[3]  Hayer asserts he ceased driving around 1:40 in the afternoon and the sample was not collected until 3:50, and, given this elapsed time, the State has not proved the marijuana was in his urine at the time he was driving or was in possession of his weapons.  Also, Hayer argues there is a chain of custody issue with the urine sample as it was not labeled with his identifying information.   The State conversely argues "the jurors in this case reasonably considered the totality of the evidence and used their common sense to conclude the defendant had a controlled substance in his system at the time he operated a vehicle and possessed a weapon."

The jury was given an instruction on the elements for the offense of carrying weapons, and one element stated, "The permit issued to the defendant was not valid because at the time the defendant was armed with a weapon he had any amount of a controlled substance present in his urine."  Similarly, the jury was given an instruction on the elements for operating while intoxicated, which included the element that "the defendant had any amount of a controlled substance present in the defendant's urine" at the time he was operating a motor vehicle.

Regarding the chain of custody issue, the district court admitted the evidence over defense counsel's objection and noted it was "received for what it's worth, and that's for the jury to determine."  "We review admission of such evidence over a chain-of-custody objection for abuse of discretion.  Unless there is a clear abuse of discretion in such a ruling, we will not overturn it."  *Biddle*, 652 N.W.2d at

---

[3] Hayer also presents an argument for insufficient evidence if we find the urine test results should be suppressed.  However, since we find suppression was properly denied, we decline to address this argument.

196 (citation omitted). To establish adequate chain of custody to warrant admission of evidence, the State must "show circumstances making it reasonably probable that tampering, substitution or alteration of evidence did not occur. Absolute certainty is not required." *State v. Bakker*, 262 N.W.2d 538, 542–43 (Iowa 1978). The State presented evidence from two criminalists with the Division of Criminal Investigation, who testified about the procedures of the urine testing and how identification problems are handled. Based on this evidence, we find the district court did not abuse its discretion by finding the State met its burden for admission of the urine test and allowing the jury to determine what weight to give to the evidence.

In addition to the positive urine sample, Deputy Maschmann witnessed Hayer outside his vehicle on the gravel road, Hayer admitted to smoking "one hit" of marijuana on the gravel road when the deputy saw him, the deputy pulled him over one to three minutes after Hayer said he smoked the marijuana, the deputy smelled marijuana when he was at the window of the vehicle and on Hayer's breath, and Hayer admitted to feeling the effects of marijuana. Viewing this evidence in a light most favorable to the State, there is sufficient evidence to support the finding that Hayer had any amount of a controlled substance in his urine when he was operating a motor vehicle and while in possession of a weapon. *See Biddle*, 652 N.W.2d at 197.

### B. Possession of Marijuana

Finally, Hayer urges our court to find the mere presence of a controlled substance metabolite in an individual's system is insufficient to support a possession conviction. If we agree, then he asserts there is insufficient evidence

to support the possession of marijuana, in violation of Iowa Code section 124.401, because the only evidence is the urine test result, which tested positive for marijuana metabolites.[4]  The State asserts "[t]his argument is meritless" as the evidence in the record is sufficient to show Hayer possessed marijuana at some point in time, which is all Iowa law requires.

The Iowa Code provides, "It is unlawful for any person knowingly or intentionally to possess a controlled substance unless such substances was obtained directly from, or pursuant to, a valid prescription or order of a practitioner . . . , or except as otherwise authorized by this chapter."  Iowa Code § 124.401(5).  To meet its burden of proof, the State must show the defendant "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic."  *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (quoting *State v. Kern*, 831 N.W.2d 149, 160 (Iowa 2013)).

Our case law recognizes two types of possession: actual possession and constructive possession.  *Id.*  "[T]he distinction between actual possession and constructive possession does not turn on whether a defendant was apprehended with the contraband, but on whether there is sufficient evidence that contraband was in his or her physical possession at some point in time."  *Id.*; *see also State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010).  "Actual possession may be shown by direct or circumstantial evidence."  *Vance*, 790 N.W.2d at 784.  In *Vance*, our

---

[4] Hayer also presents an argument for insufficient evidence if we find the urine test results should be suppressed.  However, since we find suppression was properly denied, we decline to address this argument.

supreme court found "substantial evidence supports the jury's finding that *at one time* [the defendant] had actual possession of the pseudoephedrine with the intent to manufacture methamphetamine." *Id.* (emphasis added). The evidence found in the vehicle at the time of the traffic stop included the receipt from the purchase of pseudoephedrine, the proximity in time between the stop and the purchase, the recently manufactured methamphetamine, and numerous items associated with methamphetamine manufacturing. *Id.* at 784–85. Despite finding no pseudoephedrine, the court determined a jury could "reasonably infer [the defendant] possessed the pseudoephedrine with the intent the product be used to manufacture methamphetamine" based on the evidence. *Id.*

Here, Hayer admitted to smoking when the deputy first saw him on the gravel road, just before the stop; the deputy smelled marijuana on Hayer and coming from the vehicle; and the urine sample tested positive for marijuana metabolites. Based on this evidence, it is reasonable a jury would conclude Hayer had possession of marijuana at the time he admits to smoking. He could not have smoked it had he not possessed it. Therefore, we find there is substantial evidence in the record to support the jury's finding that Hayer had possession of marijuana "at one time." *See id.*

## V. Conclusion

We conclude the district court correctly interpreted and applied Iowa law, and therefore, properly denied Hayer's motion to suppress the urine test. In addition, we find substantial evidence supports all of the jury's guilty verdicts.

**AFFIRMED.**

Gamble, S.J., concurs; Vaitheswaran, J., concurs specially.

**VAITHESWARAN, Judge.**  (concurring specially)

In *State v. Childs*, 898 N.W.2d 177, 185 (Iowa 2017), the Iowa Supreme Court stated, "The harshness of Iowa's flat ban is ameliorated by the fact that the motorist would be asked to submit to chemical testing only after the officer performed a lawful traffic stop and had reasonable grounds to believe the driver was impaired."  I believe the sentence can only be read one way: there must be a showing of impairment in addition to a showing the defendant ingested "any amount" of an illegal substance.  I cannot square the language with the court's holding.  But because the sentence is dicta, I agree we cannot follow it down the path suggested by Hayer.  *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."); *In re Detention of Johnson*, No. 10-1462, 2012 WL 1860242, at *4 (Iowa Ct. App. May 23, 2012) (declining to find that dicta opened the door to an argument).