# IN THE COURT OF APPEALS OF IOWA

No. 21-1196
Filed February 22, 2023

**JOHN MATTHEW OSBORN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, Judge.

John Osborn appeals the denial of his application for postconviction relief. **AFFIRMED.**

Brian S. Munnelly, Omaha, Nebraska, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Badding, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

John Osborn appeals the denial of his application for postconviction relief (PCR). He was previously convicted of four counts of sexual abuse in the third degree. In this PCR action, he argues his trial counsel was ineffective for failing to object to certain witness testimony as beyond the scope of the minutes of evidence and to admission of the criminal complaint as hearsay. We affirm the denial of his application, finding he failed to meet his burden of proof in these claims.

## I.     Background Facts and Proceedings

We set out the facts underlying Osborn's convictions in his direct appeals. *See State v. Osborn* (*Osborn II*), No. 18-0303, 2019 WL 2871411, at *1–5 (Iowa Ct. App. July 3, 2019); *State v. Osborn* (*Osborn I*), No. 15-0899, 2016 WL 3273104, at *1–2 (Iowa Ct. App. Jun. 15, 2016). Briefly, Osborn was accused of committing sexual abuse in the third degree in July 2014 in four separate acts against M.V., who was then fourteen years old. M.V. was friends with Osborn's daughter and was staying overnight in Osborn's home at the time of the alleged abuse.

The matter proceeded to a bench trial in February 2015, after which the district court found Osborn guilty as charged. However, the district court granted Osborn's post-trial motion for a new trial on the basis of newly discovered evidence relating to the timing of certain text messages. We affirmed the grant of new trial on appeal. *See Osborn I*, 2016 WL 3273104, at *5–6.

Osborn proceeded to a second trial in December 2017, this time before a jury. Both trials included testimony from M.V. and from Michaela, who was Osborn's wife in July 2014. The jury found Osborn guilty as charged. We affirmed

his conviction on appeal, preserving his ineffective-assistance-of-counsel claims for a possible PCR action. *See Osborn II*, 2019 WL 2871411, at *5–7.

In November 2019, Osborn filed his PCR application, raising his preserved ineffective-assistance claims. The matter proceeded to a trial on the merits based on a stipulated record, which included a deposition from his trial counsel. In August 2021, the district court found Osborn failed to meet his burden of proof on his ineffective-assistance claims and denied his application.

Osborn appeals. "We review ineffective-assistance-of-counsel claims de novo." *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

## II. Analysis

"To succeed on a claim of ineffective assistance of counsel, a claimant must establish by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Id.* at 320 (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)). "[R]eversal is warranted only where a claimant makes a showing of both of these elements." *Id.* "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *Id.*

Osborn's first ineffective-assistance claim relates to Michaela's testimony. During the first trial, Michaela testified she was asleep in bed during the time in question; however, she woke up around midnight and again at 3:00 a.m., and Osborn was next to her in bed at both times. During the second trial, Michaela testified she did not specifically remember waking up that night and was not aware when Osborn was in bed with her. Osborn argues his trial counsel—although

pressing Michaela on cross examination—was ineffective for failing to object to Michaela's second-trial testimony as beyond the scope of the minutes of evidence.

The State is required to file minutes of evidence, which identify each expected witness and provide "a full and fair statement of the witness'[s] expected testimony." Iowa R. Crim. P. 2.5(3). Under this rule, "there is no requirement that the minutes of testimony provide a complete catalogue of witness testimony at trial, but only that the defense be placed on fair notice and not subject to surprise testimony." State v. Shorter, 893 N.W.2d 65, 81 (Iowa 2017). "We generally will not reverse on the ground of technical defects in procedure unless it appears in some way to have prejudiced the complaining party or deprived him or her of full opportunity to make defense to the charge presented in the indictment or information." State v. Braun, 495 N.W.2d 735, 741 (Iowa 1993).

The minutes of evidence here identify Michaela as a witness and generally state she "will testify as to her actions, observations and recollections regarding this incident." Had Osborn objected to Michaela's second-trial testimony as beyond the minutes of evidence, he could not have shown the changes in her testimony prejudiced him. During cross-examination at the second trial, Michaela told Osborn's trial counsel, "You had e-mailed me a couple months ago asking me to review my testimony because you didn't think my timing was correct. Upon further consideration, I don't feel confident in those times." Thus, Osborn can hardly claim surprise that Michaela backed off of her more specific testimony for the second trial after his counsel specifically asked her to review her prior testimony. Furthermore, the State during the second trial said it did not know Michaela would back away from her earlier testimony, and Osborn provided no

evidence showing otherwise. *See Shorter*, 893 N.W.2d at 82–83 (finding a witness's deviation from the minutes of testimony did not prejudice the defendant when the defendant "has not established that the prosecution had prior knowledge that such testimony would be forthcoming"). Without a showing that the change in Michaela's testimony between the two trials deprived him of the opportunity to defend against the charges, he cannot prove his trial counsel breached an essential duty by failing to object to the Michaela's testimony as beyond the minutes of evidence.

Additionally, Osborn did not show any breach of duty caused him prejudice. Osborn hoped Michaela's testimony would corroborate his testimony that he was in his own bed during the time in question. Excluding Michaela's second-trial testimony would not reinstate her first-trial testimony that Osborn was in their bed at two separate times during the night at issue. Furthermore, the State had considerable other evidence of Osborn's guilt, including M.V.'s detailed testimony about the sex acts. Also, voluminous text messages between Osborn and M.V. were admitted at trial, which Osborn acknowledged became sexual in nature. Because Osborn did not show his trial counsel breached an essential duty by failing to object to Michaela's testimony as beyond the minutes of evidence or that prejudice resulted, his first ineffective-assistance claim fails.

Osborn's second ineffective-assistance claim relates to the admission of the criminal complaint and attached affidavit as an exhibit at trial. He argues his trial counsel was ineffective for failing to object to the exhibit as hearsay. However, Osborn's trial counsel testified in a deposition that he did not object to the complaint "so as not to draw attention to some of this stuff." Thus, trial counsel's decision to

not object to the criminal complaint was a reasonable trial strategy and not a breach of duty. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("[W]e will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail." (quoting *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989))).

Furthermore, Osborn did not show prejudice resulted from admission of the complaint. As the district court found, the substance of the complaint largely entered the record through witness testimony and other evidence. Because the allegations in the complaint are cumulative to other evidence in the record, no prejudice resulted from the admission of the complaint. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) ("We will not find prejudice if the admitted hearsay is merely cumulative.").

Osborn also appears to argue that the complaint is inadmissible evidence of prior bad acts and that the cumulative effect of his trial counsel's errors deprived him of a fair trial. The PCR court did not rule on either of these arguments, so they are not preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)).

### III. Conclusion

Osborn failed to show ineffective assistance of counsel, as he failed to show his trial counsel breached an essential duty or prejudice resulted. Therefore, we affirm the district court's denial of Osborn's PCR application.

**AFFIRMED.**